UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRIME 4 VENTURES, INC.,   :
                              Plaintiff,   :   Civil Action No.: 07 Civ. 6912 (LAK)

          -against-   :

CREATIVE CONCEPTS OF AMERICA, INC. and   :
RED BULL, INC.,   :

                            Defendants.   :
------------------------------------------------------------X

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above-captioned action is removed by defendant Red Bull North America Inc. (sued incorrectly as Red Bull, Inc.) ("Red Bull") from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York. As grounds therefor, Red Bull states as follows:

1. This action may be removed to this Court by Red Bull pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

2. On or about June 8, 2007, plaintiff Prime 4 Ventures, Inc. ("Prime 4") filed an action in the Supreme Court of the State of New York, New York County, entitled *Prime 4 Ventures, Inc. v. Creative Concepts of America, Inc. and Red Bull, Inc.*, Index No. 108075/07 (the "State Court Action"). A copy of plaintiff's Summons and Complaint, which constitutes all process, pleadings and orders served upon Red Bull in the State Court Action, is attached as Exhibit A.

3. Red Bull purportedly was served with the Complaint in the State Court Action on or about July 2, 2007, by service upon the Secretary of State. *See* Exhibit B.

4. This Notice of Removal is filed within thirty days after the Complaint was first served on Red Bull and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

5. A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the New York Supreme Court, New York County, is attached as Exhibit C and will be filed in the State Court Action and forwarded to plaintiff upon the filing of this Notice of Removal.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

6. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between all parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## All Parties Are Diverse

7. As alleged in the Complaint, Plaintiff Prime 4 is a corporation organized and existing under the laws of the State of New York and, upon information and belief, has its principal place of business in the State of New York. (Exhibit A, Compl. ¶ 1). Plaintiff is now, and at the time the State Court Action was commenced was, a citizen of New York for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

8. As alleged in the Complaint, Defendant Creative Concepts of America, Inc. ("Creative Concepts") is a corporation duly organized and existing under the laws of the State of Florida. (Exhibit A, Comp. ¶ 2). Upon information and belief, the principal place of business of Creative Concepts is in the State of Florida. Creative Concepts is now, and at the time the State

Court Action was commenced, a citizen of Florida for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

9. Defendant Red Bull is alleged to be a corporation organized and existing under the laws of the State of California. (Compl. ¶ 5). Red Bull is, and at the time of the commencement of the State Court Action was, a corporation organized and existing under the laws of the State of California with its principal place of business in the State of California. Therefore, it is now, and at the time the State Court Action was commenced, a citizen of California for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

10. There is thus complete diversity of citizenship between plaintiff and defendants.

### The Amount In Controversy Exceeds $75,000

11. For this Court to have federal subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

12. In this case, it is plain from the face of the Complaint that Prime 4 seeks $500,000 in damages from the alleged breach of contract and tortious interference committed by the defendants. (Compl. ¶ 17).

13. Accordingly, because Prime 4 seeks to recover $500,000 in alleged damages, the $75,000 amount-in-controversy requirement is satisfied.

14. Consequently, this action is removable to federal court because there is original federal jurisdiction under 28 U.S.C. § 1332.

15. Accompanying this Notice of Removal are a Civil Cover Sheet, Fed. R. Civ. P. Rule 7.1 Disclosure Statement, and a check in the amount of $350.00 for the required filing fee.

**WHEREFORE**, defendant Red Bull removes the State Court Action from the Supreme Court of the State of New York, New York County, to this Court, and prays that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in said state court.

Dated: New York, New York
       August 1, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By: *[signature]*
Christine Lepera (CL 1165)
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700

*Attorneys for Red Bull of North America, Inc.*
*(sued incorrectly as "Red Bull, Inc.")*


Eugene F. Haber
Cobert, Haber & Haber
1050 Franklin Avenue - Suite 507
Garden City, NY 11530

*Attorneys for Plaintiff*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X   Date Purchased:
                                                                Index No.:
PRIME 4 VENTURES, INC.

                    Plaintiff,      **SUMMONS**

    -against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL, INC.

                    Defendants.     07108075
------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons and complaint, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is where the transaction took place.

Dated: June 1, 2007

                                            EUGENE F. HABER
                                            COBERT, HABER & HABER
                                            Attorneys for plaintiffs
                                            1050 Franklin Avenue - Suite 507
                                            Garden City, NY 11530
                                            (516) 248-7844

Defendants' address:
Creative Concepts of America Inc.
4300 N. University Drive, A-106
Ft. Lauderdale, FL 33351

Red Bull Inc.
2525 Colorado Avenue, Suite 320
Santa Monica, CA 90404-3596

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
PRIME 4 VENTURES, INC.

                     Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL, INC.

                     Defendants.
-----------------------------------------------------------------X

Index No.

**COMPLAINT**

      Plaintiff, by its attorneys, Cobert, Haber & Haber, as and for its Complaint set forth as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, PRIME 4 VENTURES, INC. was and is a corporation organized and existing under the laws of the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the defendant, CREATIVE CONCEPTS OF AMERICA, INC., (hereinafter "CREATIVE CONCEPTS") was and is a corporation duly organized and existing under the laws of the State of Florida.

3. Upon information and belief, at all times hereinafter mentioned, the defendant, CREATIVE CONCEPTS was authorized to do business in the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, CREATIVE CONCEPTS did business in the State of New York.

5. That defendant, RED BULL NORTH AMERICA INC. (hereinafter "RED BULL") was and is a corporation organized and existing under the laws of the State of California.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, RED BULL authorized to do business in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the defendant, RED BULL did business in the State of New York.

8. That defendant, RED BULL, is in the business of bottling, canning, marketing and selling a high energy drink known as "Red Bull" throughout the United States and other parts of North America, and also throughout the world.

9. That heretofore the defendants RED BULL and CREATIVE CONCEPTS entered into an agreement, upon information and belief, which provided in part that CREATIVE CONCEPTS would be given the right to assist RED BULL in marketing its product through vending machines in the State of New York.

10. That on or about November 22, 2005, the plaintiff and defendant, CREATIVE CONCEPTS, entered into an agreement whereby CREATIVE CONCEPTS would sell vending machines to the plaintiff exclusively for the distribution and sale of RED BULL products and, in part, this plaintiff would be the sole distributor for said area. In addition, it was also to be a distributor in the boroughs of Brooklyn and Bronx and the counties of Nassau, Suffolk, Queens and Richmond, although in those areas it

-2-

would not be exclusive. In accordance with such agreement, the plaintiff paid to the defendant the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks.

11. Thereafter, the plaintiff accepted delivery of Fifty (50) vending machines, but soon discovered that there were other parties that defendants had contracted with to sell the RED BULL product in the County of New York, where plaintiff was to have sole distribution rights. That the acts of the defendants breached the contract between the plaintiff and the defendants.

12. That due to the foregoing, the defendants are liable to the plaintiff for the sum of $500,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "12" inclusive of this complaint with the same force and effect as though more fully set forth at length herein.

14. That RED BULL knowingly entered into an agreement with CREATIVE CONCEPTS for them to market its product.

15. That RED BULL knew that CREATIVE CONCEPTS was giving an exclusive distributorship to the plaintiff in the County of New York.

16. That the act of RED BULL in permitting the sale of its product by others when it knew its agent had entered into an agreement for exclusive distributorship

of said product by plaintiff constitutes tortious interference with business opportunity, a *prima facie* tort.

17. That due to the foregoing, the defendant, RED BULL, is liable to the plaintiff in the sum of $500,000.00.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

(a) On the first cause of action in a sum of not less than $500,000.00, together with interest, costs and disbursements;

(b) On the second cause of action in the sum of $500,000.00 together with interest, costs and disbursements.

Dated: June 1, 2007
Garden City, NY

COBERT, HABER & HABER

By: Eugene P. Haber, Esq.
Attorney for Plaintiff
1050 Franklin Avenue - Suite 507
Garden City, NY 11530
(516) 248-7844

Tanurishvili\Prime4\Complaint

-4-

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PRIME 4 VENTURES, INC.,

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC. and RED BULL, INC.,

Defendants.

---

## SUMMONS AND COMPLAINT

---

**COBERT, HABER & HABER**
*Attorneys for* Plaintiff
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

Dated: Garden City, N.Y.
  June 1, 2007

_____

---

*Service of a copy of the within*                                                                 *is hereby admitted.*

Dated: Garden City, N.Y.
  June 1, 2007

_____
*Attorney(s) for*

---

*PLEASE TAKE NOTICE:*

### NOTICE OF ENTRY

_____ That the within is a (certified) true copy of a          entered in the office of the Clerk of the within-named Court on

### NOTICE OF SETTLEMENT

_____ That an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within-named Court on

Dated: Garden City, N.Y.
  June 1, 2007

**COBERT, HABER & HABER**
*Attorneys for* Plaintiff
1050 Franklin Avenue - Suite 507
Garden City, NY 11530

To:
*Attorney(s) for*

# EXHIBIT B

ORIGINAL

| | | |
|---|---|---|
| STATE OF NEW YORK | COUNTY OF NEW YORK | INDEX NO: 108075/07 |
| SUPREME COURT | 260162 Eugene Weber | FILED ON: June 8, 2007 |
| | | DISTRICT: |

*Prime 4 Ventures, Inc.*

vs

Plaintiff(s)

*Creative Concepts of America, Inc., et. ano.*

Defendant(s)

---

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:

**AFFIDAVIT OF SERVICE BY THE SECRETARY OF STATE**

_____Stephen L. Collen_____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____July 2, 2007_____, at __3:00 pm__, at the office of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed _____Summons and Complaint_____, on

**RED BULL NORTH AMERICA INC. h/s/a Red Bull Inc.**

Defendant in this action, by delivering to and leaving with ___Donna Christie___, Authorized Agent, in the Office of the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State the statutory fee, if required. Service was made pursuant to Section __306 Business Corporation Law__.

☐ Service was completed by mailing notice of such service and one (1) true copy thereof by    ☐ Registered or
  ☐ 1st Class Mail and Certified Mail, # _____, Return Receipt Requested on _____
  to said defendant at: _____

Papers so served were properly endorsed with the index number and date of filing.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served:   Approx. Age: __44 years__    Approx. weight: __130 lbs__    Approx. Ht.: __5'5"__
Sex: __female__   Color of skin: __white__   Color of hair: __brown__   Other: _____

**FILED**

Sworn to before me on _____July 3, 2007_____

*[signature]*

MARCY A. O'HARE
NOTARY PUBLIC, State of New York
No. 4865530, Qualified in Albany County
Term Expires July 14, 2010

JUL 1 3 2007
COUNTY CLERK'S OFFICE
NEW YORK
Stephen L. Collen

Invoice·Work Order # 0705331

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
PRIME 4 VENTURES, INC.,

              Plaintiff,

  -against-

CREATIVE CONCEPTS OF AMERICA, INC. and
RED BULL, INC.,

             Defendants.
-------------------------------------------------------------X

Index No.: 108075/07

**NOTICE OF FILING OF**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that the within is a true copy of the Notice of Removal filed in the office of the Clerk of the United States District Court for the Southern District of New York on August 1, 2007.

Pursuant to 28 U.S.C. § 1446(d), the Supreme Court of the State of New York, New York County, shall proceed no further unless the case is remanded.

Dated: New York, New York
       August 1, 2007

                              SONNENSCHEIN NATH & ROSENTHAL LLP

                          By: _____
                              Christine Lepera (CL 1165)
                              1221 Avenue of the Americas
                              New York, New York 10020-1089
                              (212) 768-6700

*Attorneys for Red Bull of North America, Inc.*
*(sued incorrectly as "Red Bull, Inc.")*

17561364

- 2 -

Eugene F. Haber
Cobert, Haber & Haber
1050 Franklin Avenue - Suite 507
Garden City, NY 11530

*Attorneys for Plaintiff*

- 2 -

17381450\V-1
17561364