## AGREEMENT FOR THE PURCHASE AND SALE OF MERCHANDISE

THIS AGREEMENT FOR THE PURCHASE AND SALE OF MERCHANDISE (this "Agreement") is hereby entered into on this 15th day of September, 2005 by and between Red Bull North America, Inc., a California corporation located at 2525 Colorado Avenue, #320 Santa Monica, CA 90404 ("Red Bull") and Creative Concepts of America, Inc., a Florida corporation located at Executive Courts Office Building, 4300 N. University Drive, Suite A-106 Lauderhill, FL 33351 ("Purchaser").

WHEREAS: Red Bull has the exclusive rights to represent and commercialize in the United States all products bearing the Red Bull family of trademarks, including, by way of example only, "Red Bull", the can design, and the double-bull and sun device (the "Red Bull Marks"); and

WHEREAS: Purchaser wishes to purchase for resale certain of Red Bull's Machines and Product (as both are defined below).

NOW THEREFORE, in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in the understanding that the preceding preamble is an integral part to this Agreement, the parties have freely and willingly agreed to the following:

**ARTICLE I.    Terms of Sale.**

1.1   *In general.* Red Bull will permit its agents to sell to Purchaser, the machines described in Attachment "A" of this Agreement (hereafter, the "Machines") under the terms and conditions established herein. Attachment A is incorporated herein by this reference. At the effective date of this Agreement, Red Bull designates Royal Vendors, Inc. as the agent authorized to sell Machines to Purchaser (an "Agent"). Red Bull may modify or remove this designation at any time without notice.

1.2   *Non-exclusive.* All sales of the Machines to Purchaser will be non-exclusive. Red Bull or its Agent may sell the Machines to third parties approved by Red Bull at any time.

1.3   *For resale only.* Purchaser will purchase the Machines from Agent for resale only.

1.4   *Sales by Agent.* Purchaser will purchase Machines from Agent only. Purchaser will purchase Machines directly from Agent, and make payments for the Machines directly to Agent.

1.5   *Terms of Sales by Agent.* All purchases of Machines from Agent will be delivered C.I.F. to Purchaser's warehouse. Agent and Purchaser will agree on a purchase price. REDACTED No credit will be extended by Agent. All purchases will be pre-paid.

**ARTICLE II.    Terms of Resale.**

2.1   _Existing products._ Purchaser has sold and currently sells vending machines that infringe upon the intellectual property rights and other rights of Red Bull. Purchaser will ensure that these machines exclusively vend Red Bull Energy Drink and Red Bull Sugarfree (collectively, the "Products"). In the event that Purchaser cannot ensure this exclusivity for a particular vending machine, Purchaser will ensure that all infringing material is removed from that vending machine.

2.2   _Machines._ From the effective date of this Agreement forward, Purchaser will not sell or distribute any vending machines other than Machines to its customers. Purchaser will immediately cease sales and distribution of all other vending machines and begin sales of the Machines to its customers. Purchaser will ensure that only Products are sold in the Machines. Purchaser will provide monthly reports summarizing sales, including the number of Machines sold to Purchaser's customers, the customer's name, city, and state.

2.3   _Representations to customers._ Purchaser will not represent to its customers that it has exclusive rights to sell Machines or other vending machines associated with Red Bull. Purchaser will not represent to its customers that it can provide exclusive territories, routes, or locations. Purchaser will submit all of Purchaser's intended promotional communication to customers or potential customers to Red Bull for review and approval. Purchaser will not issue promotional communications without Red Bull's prior written approval.

2.4   _Exclusive stock._ Purchaser will require that its customers stock only Product in the Machines.

2.5   _Purchases of product._ If Purchaser wishes to purchase Product for resale, Purchaser will purchase Product only from distributors authorized by Red Bull, utilizing Red Bull's central billing system.       **REDACTED**       All sales of Product will be on such terms as Red Bull establishes from time to time, and will require payment in advance.

2.6   _Material Breach._ Violations of any provision in this Article II constitute a material breach of this Agreement.

**ARTICLE III.    Term and Termination.**

3.1   This Agreement will come into force as of the date first written above and will have a term of one year as of such date. This Agreement will automatically renew for successive one year terms, unless earlier terminated in accordance with this Agreement. Either party may terminate this Agreement, without cause at any time and without liability, by providing notice to the other party five (5) days prior to the effective date of termination.

**ARTICLE IV.    General Provisions.**

4.1  **Sales to third parties.** Red Bull or its Agent may sell the Machines to third parties at any time.

4.2  **Intellectual property.** Purchaser will acquire no right, title or interest in the Red Bull Marks. No assignment or licence is granted to Purchaser with respect to the Red Bull Marks. Purchaser understands and agrees that Red Bull holds and retains full ownership of the Red Bull Marks and all goodwill therein, and that all use by Purchaser is for, and inures to the benefit of, Red Bull. Purchaser will not adopt, use or register any words, phrases or symbols which, in Red Bull's sole judgment, are confusingly similar to any of the Red Bull Marks.

4.3  **Sales force.** Purchaser hereby accepts, declares and acknowledges that it shall resell the Machines purchased from the Agent using its own sales force at Purchaser's sole cost.

4.4  **No partnership.** Nothing herein contained shall constitute a partnership between or joint venture by the parties hereto, or make either party the agent of the other. Neither party shall hold itself out contrary to the terms of this paragraph, and neither party shall become liable for the representation, act or omission of the other contrary to the provisions hereof. This Agreement is not for the benefit of any third party and shall not be deemed to give any right or remedy to any third party, whether referred to herein or not.

4.5  **Confidentiality.** Purchaser will not disclose the terms of this Agreement to any third party except purchaser's counsel or when required by law. Red Bull shall approve in advance and in writing all publicity materials and press releases relating to this Agreement.

4.6  **Audit rights.** Red Bull may conduct an audit of Purchaser's records. Purchaser will make available such records for Red Bull's review at any time during regular business hours. These records will include, at a minimum, financial records and other records maintained in the regular course of business.

4.7  **Entire agreement.** This document, together with all Attachments hereto, represents the complete agreement between Red Bull and Purchaser, all prior negotiations, representations and agreements having been merged herein, and may only be modified by a written document signed by both parties hereto. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby.

4.8  **Assignment.** Red Bull may assign this Agreement or any interest herein to any party. In the event Red Bull shall sell or assign all of its right, title and interest in and to the Agreement, and in the event such assignee shall assume in writing all of the executory obligations of Red Bull as of the date of such transfer, Red Bull shall be, and is hereby, released from all further obligations to Purchaser hereunder accruing from and after such transfer. This Agreement may not be assigned, in whole or in part, by Purchaser without Red Bull's prior written approval which may be withheld in its sole discretion. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, and assigns.

4.9 <u>Waiver</u>. No express or implied waiver by either Red Bull of any provision of this Agreement or of any breach or default of the other shall constitute a continuing waiver, and no waiver shall be effective unless in writing.

4.10 <u>Indemnification</u>. Purchaser agrees to indemnify and hold Red Bull, its parent, subsidiaries, subsidiaries of its parent, affiliates and their respective officers, agents, directors, employees and licensees harmless from any and all third party claims, actions or proceedings of any kind and from any and all damages, liabilities, costs and expenses (including reasonable legal fees and costs) relating to or arising out of (i) any negligent or intentional acts of Purchaser, (ii) any violation, breach or alleged breach of any of the warranties, representations, covenants or agreements contained in this Agreement, or (iii) any error or omission in any of the material or information furnished to Red Bull in accordance with this Agreement. If Purchaser shall fail promptly to do so, Red Bull shall have the right to adjust, settle, litigate and take any other action Red Bull deems necessary or desirable for the disposition thereof. In any such event, Purchaser shall reimburse Red Bull on demand for all amounts paid or incurred by Red Bull as a result thereof.

4.11 <u>Choice of law; Venue</u>. This Agreement shall be governed by the laws of the State of California. The parties hereto consent and submit to the exclusive jurisdiction of the state and federal courts in Los Angeles County, California.

4.12 <u>Notices</u>. All notices or other communications required to be given hereunder shall be given in writing and shall be deemed received upon the earlier to occur of (i) actual receipt (via hand delivery or otherwise) (ii) the next business day, when sent via a reputable overnight courier for next day delivery. All notices will be addressed to the parties at the locations given in this Section 4.12, or to such addresses as any of the parties hereto may designate in writing.

Red Bull: Red Bull North America, Inc.
2525 Colorado Avenue, #320
Santa Monica, CA 90404
Attn: Legal Department

Purchaser: Creative Concepts of America, Inc.
Executive Courts Office Building
4300 N. University Drive, Suite A-106
Lauderhill, FL 33351
Attn: President

IN WITNESS WHEREOF, the parties hereto have caused this agreement to be executed by their duly authorized representatives on the date first written above.

Red Bull North America, Inc.

By: _____
Title: _____
Date: 9-20-05

Creative Concepts of America, Inc.

By: Marie Levinson
Title: President
Date: 9-15-05

4