UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PRIME 4 VENTURES, INC.,                              :
                                                     :
                       Plaintiff,                    :
                                                     :    Civil Action No.
         -against-                                   :    07 CV 6912 (LAK) (MHD)
                                                     :
CREATIVE CONCEPTS OF AMERICA, INC. and                :
RED BULL, INC.,                                      :
                                                     :
                       Defendants.                   :
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ..............................................................................................1

PLAINTIFF'S ALLEGATIONS ...............................................................................................2

    1. PLAINTIFF'S FIRST CAUSE OF ACTION ....................................................................2

    2. PLAINTIFF'S SECOND CAUSE OF ACTION ...............................................................3

PROCEDURAL BACKGROUND ............................................................................................4

ARGUMENT ............................................................................................................................4

    1. STANDARD OF REVIEW ................................................................................................4

    2. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF
       CONTRACT AGAINST RED BULL ................................................................................4

        A. No Privity of Contract Is Alleged Between Red Bull And Prime 4 .................4

        B. No Other Theory Of Contractual Liability Is Pled ...........................................5

    3. PLAINTIFF'S SECOND CAUSE OF ACTION ALSO FAILS
       TO STATE A CLAIM .........................................................................................................6

        A. Plaintiff's Claims For Breach Of Contract And Tortious
           Interference Are Inconsistent On Their Face......................................................7

        B. Plaintiff Fails To Adequately Plead -- And Cannot Plead -- A Tortious
           Interference With Contractual Relations Claim .................................................7

           1. Plaintiff cannot allege the existence of a valid contract. .........................8

           2. Plaintiff cannot allege intentional interference
              and causation of breach. ............................................................................9

        C. Plaintiff Similarly Fails To Plead -- And Cannot Plead -- A Viable
           Claim For Interference With Business Opportunity .........................................10

CONCLUSION ........................................................................................................................12

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Abdelhamid v. Altria Group, Inc.*, --- F. Supp. 2d ---,
  2007 WL 2186275 (S.D.N.Y. 2007) ...........................................................................4

*Atler v. Bogoricin*, 1997 WL 691332 (S.D.N.Y. Nov. 6, 1997) ..........................................9

*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ....................................4

*Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955 (2007) ...............................4

*Black Radio Network, Inc. v. Nynex Corp.*, 2000 WL 64874
  (S.D.N.Y. Jan. 24, 2000) ......................................................................................10

*Brady v. Calyon Sec. (USA)*, 406 F. Supp. 2d 307 (S.D.N.Y. 2005) ................................7

*Carruthers v. Flaum*, 365 F. Supp. 2d 448 (S.D.N.Y. 2005) ............................................5

*Curti v. Girocredit Bank*, 1994 WL 48835 (S.D.N.Y. Feb. 14, 1994) ................................4

*G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762 (2d Cir. 1996),
  cert. denied, 516 U.S. 944, 116 S. Ct. 381 (1995) ...............................................9

*Gruntal & Co., Inc. v. San Diego Bancorp*, 1996 WL 343079
  (S.D.N.Y. Jun. 21, 1996) ....................................................................................9, 11

*Interboro Packaging Corp. v. G.P. Plastics Corp.*,
  2003 WL 21403807 (S.D.N.Y. Jun. 18, 2003) ......................................................10

*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, 2004 WL 359138
  (S.D.N.Y. Feb. 26, 2004) ....................................................................................5-6

*Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209 (2d Cir. 2002) ..........................10

*Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397 (S.D.N.Y. 2002) ................................4

*Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542 (S.D.N.Y. 1985) ....................9

*Prop. Advisory Group, Inc. v. Bevona*, 718 F. Supp. 209 (S.D.N.Y. 1989) ......................6

*Roselink Investors, L.L.C. v. Shenkman*, 386 F. Supp. 2d 209 (S.D.N.Y. 2004) .............7

*Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490 (S.D.N.Y. 2002) ..................................5

*World Wide Commc'ns, Inc. v. Rozar*, 1997 WL 795750
 (S.D.N.Y. Dec. 30, 1997), *aff'd*, 65 Fed. Appx. 736 (2d Cir. 2003) ..................7, 8

## STATE CASES

*Advanced Global Tech. LLC v. Sirius Satellite Radio, Inc.*, 15 Misc. 3d 776,
 836 N.Y.S.2d 807 (Sup. Ct. New York Co. 2007) ..................................11

*Blume v. A & R Fuels, Inc.*, 32 A.D.3d 811, 821 N.Y.S.2d 132 (2d Dep't 2006) ..................8

*Chambers Assocs. LLC v. 105 Acquisition LLC*, 37 A.D.3d 365,
 831 N.Y.S.2d 55 (1st Dep't 2007) ..................................9

*Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 490 N.Y.S.2d 735,
 480 N.E.2d 349 (1985) ..................................11

*Jacobs v. Continuum Health Partners, Inc.*, 7 A.D.3d 312,
 776 N.Y.S.2d 279 (1st Dep't 2004) ..................................11

*Standard Funding Corp. v. Lewitt*, 89 N.Y.2d 546,
 656 N.Y.S.2d 188, 678 N.E.2d 874 (1997) ..................................6

*Widewaters Prop. Dev. Co., Inc. v. Katz*, 38 A.D.3d 1220,
 836 N.Y.S.2d 746 (1st Dep't 2007) ..................................7

## STATUTES

28 U.S.C. § 1441(a) ..................................4

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PRIME 4 VENTURES, INC.,

                Plaintiff,

    -against-                                        Civil Action No.
                                                      07 CV 6912 (LAK) (MHD)
CREATIVE CONCEPTS OF AMERICA, INC. and
RED BULL, INC.,

                Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

Defendant Red Bull of North America, Inc. (sued incorrectly as "Red Bull, Inc.") ("Red Bull"), by and through its attorneys, Sonnenschein Nath & Rosenthal LLP, respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint of plaintiff Prime 4 Ventures, Inc. ("Plaintiff") in its entirety as asserted against Red Bull for failure to state any claim upon which relief may be granted.

### PRELIMINARY STATEMENT

Plaintiff brought this action against Red Bull asserting claims of breach of contract and tortious interference, in a misguided effort to attempt to recover for wrongdoings allegedly perpetrated against Plaintiff by defendant Creative Concepts, Inc. ("Creative Concepts"), apparently now defunct. Plaintiff's two causes of action against Red Bull are deficient on their face under applicable law.

As alleged by Plaintiff, Creative Concepts entered into an agreement with Red Bull to sell or market Red Bull vending machines to distributors in New York. Plaintiff claims it thereafter entered into an agreement with Creative Concepts, pursuant to which Creative Concepts allegedly agreed to give Plaintiff sole and exclusive rights to distribute Red Bull

vending machines in New York County. The gravamen of Plaintiff's action is that it was not given such exclusive rights, and that Creative Concepts thereby breached its contract, entitling Plaintiff to damages. Presumably because the chance of recovery against Creative Concepts is slim at best, Plaintiff seeks to hold Red Bull liable for alleged breach of contract and, at the same time, for tortious interference therewith.

As discussed below, Plaintiff has not pled a viable claim for recovery against Red Bull, either under contract or tort law. Plaintiff does not, and cannot, plead privity of contract between it and Red Bull, notwithstanding its conclusory allegation that "defendants" breached its alleged contract. Plaintiff has not alleged any other viable theory of liability on the part of Red Bull for any alleged breach of contract between Plaintiff and Creative Concepts. Plaintiff's confused tortious interference claim, in which it alleges that, by allowing the sale of its products to other distributors, Red Bull somehow interfered with Plaintiff's "business opportunity," similarly fails to state a claim for relief.

## PLAINTIFF'S ALLEGATIONS

### 1. PLAINTIFF'S FIRST CAUSE OF ACTION

Plaintiff's allegations are contained in its Complaint dated June 1, 2007 ("Compl."), which is attached to the accompanying affidavit of Christine Lepera, sworn to September 12, 2007 ("Lepera Aff."), as Exhibit A. Plaintiff alleges that during all relevant times Plaintiff was and is a corporation organized and existing under the laws of the State of New York, (Compl. at ¶1), Creative Concepts was and is a corporation that was duly organized under the laws of the State of Florida, (Id. at ¶2), and Red Bull was and is a corporation organized under the laws of the State of California. (Id. at ¶5.) Red Bull bottles, cans, markets and sells "Red Bull," a high energy drink, throughout the world. (Id. at ¶8.)

Plaintiff claims that Red Bull and Creative Concepts entered into an agreement in which Creative Concepts allegedly would have the right to assist Red Bull in marketing its energy drink through vending machines in New York. (*Id.* at ¶9.) Plaintiff claims that Creative Concepts and Plaintiff then entered into an agreement whereby Creative Concepts would sell Red Bull vending machines to Plaintiff and that Plaintiff would be the sole distributor for the vending machines in New York County. (*Id.* at ¶¶10, 15.) Plaintiff claims that it paid Creative Concepts $150,745.00 for fifty vending machines and 10,000 energy drinks pursuant to the agreement. (*Id.* at ¶10.)[1]

Based upon nothing more than the foregoing allegations, Plaintiff then lumps both Red Bull and Creative Concepts together as "defendants," and claims that "defendants" contracted with other parties to sell Red Bull products in New York County, in violation of the alleged agreement between Plaintiff and Creative Concepts. (*Id.* at ¶11.) Plaintiff then alleges that "the acts of the defendants breached the contract between the plaintiff and the defendants." (*Id.* at ¶11.)

## 2.  PLAINTIFF'S SECOND CAUSE OF ACTION

Plaintiff next alleges that Red Bull "knowingly" entered into an agreement with Creative Concepts to market Red Bull's products (*Id.* at ¶14), and that Red Bull "knew" that Creative Concepts was giving an exclusive distributorship to Plaintiff in New York County. (*Id.* at ¶15.) It asserts that Red Bull, by permitting other parties to sell its products in New York County, "when it knew its agent had entered into an agreement for exclusive distributorship of said product by plaintiff," tortiously interfered with Plaintiff's "business opportunity," a *prima facie* tort. (*Id.* at ¶16.)

---

[1] Plaintiff does not attach its alleged contract to the Complaint, and does not even plead whether it is in writing or oral. It does not mention any term of alleged rights, and does not state any of the material terms of the alleged agreement save the price of the machines and products Plaintiff alleges it bought.

3

These are the sum total of the allegations that form the basis of Plaintiff's purported tort claim.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on or about June 8, 2007, in New York State Supreme Court, New York County. After Red Bull was served, on August 1, 2007 the case was timely removed by Red Bull's petition to this Court, pursuant to 28 U.S.C. § 1441(a).

## ARGUMENT

### 1. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint provides "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007)). The plaintiff must "amplify a claim with some factual allegations [] to render the claim plausible." *Abdelhamid v. Altria Group, Inc.*, --- F. Supp. 2d ---, 2007 WL 2186275, *2 (S.D.N.Y. Jul. 27, 2007). "Bald assertions and conclusions of law will not suffice." *Id.* In considering the sufficiency of the Complaint, the Court "may consider documents incorporated into the complaint by reference and information that can be judicially noticed." *Curti v. Girocredit Bank*, 1994 WL 48835, *1 (S.D.N.Y. Feb. 14, 1994) (citation omitted). When "a plaintiff's allegations are contradicted by . . . a document [that is integral to the Complaint]" – "[then] those allegations are insufficient to defeat a motion to dismiss." *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002).

### 2. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF CONTRACT AGAINST RED BULL

#### A. No Privity of Contract is Alleged Between Red Bull and Prime 4

To establish a breach of contract under New York law, a plaintiff must plead facts establishing the following elements: (i) the existence of a contract between the parties; (ii) a

4

breach of the contract; and (iii) damages resulting from the breach. *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 494 (S.D.N.Y. 2002). Failure to establish the existence of a contract between the parties warrants dismissal of the claim, as it is well-established that "a plaintiff in a breach of contract action may not assert a cause of action to recover damages for breach of contract against a party with who it is not in privity." *Carruthers v. Flaum*, 365 F. Supp. 2d 448, 478 (S.D.N.Y. 2005).

The Complaint does not even meet the first element: the existence of a contract between Red Bull and Plaintiff. The pleading instead confirms on its face that, while Red Bull and Creative Concepts may have entered into a contract, (Compl. at ¶9), *Creative Concepts and Plaintiff* are the only parties alleged to have entered into the contract at issue, pursuant to which Plaintiff claims it received the right to distribute Red Bull exclusively throughout New York County. (*Id.* at ¶10.) Plaintiff's reference to "defendants" and its claim that "[t]he acts of the defendants breached the contract between the plaintiff and defendants" are no substitute for the requisite element of privity. (*Id.* at ¶11.) Because Plaintiff cannot allege any privity of contract with Red Bull, its breach of contract claim must be dismissed with prejudice.

**B.     No Other Theory Of Contractual Liability Is Pled**

The Complaint contains the conclusory assertion that Creative Concepts is the "agent" of Red Bull. (Compl. at ¶16.) There are no facts alleged in the Complaint upon which that assertion is based. The only allegation is that Red Bull and Creative Concepts entered into some form of contract to market Red Bull products. Certainly no facts are alleged that could give rise to any liability for breach of contract on the part of Red Bull based upon any agency theory.

Establishing the existence of a principal-agent relationship under New York law "requires the pleading of facts sufficient to show: (1) the principal's manifestation of intent to grant authority to the agent, and (2) agreement by the agent, and (3) control over key aspects of

5

the undertaking." *Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, 2004 WL 359138 (S.D.N.Y. Feb. 26, 2004). Plaintiff does not and cannot plead any such facts. Its conclusory invocation of the word "agent" (Compl. at ¶16) does not come close to stating a claim of liability on the part of Red Bull for breach of an alleged exclusive distributorship.[2] Plaintiff similarly cannot plead that Creative Concepts had any apparent authority to bind Red Bull to contracts. "Essential to the creation of apparent authority are *words or conduct of the principal*, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction." *Standard Funding Corp. v. Lewitt*, 89 N.Y.2d 546, 551, 656 N.Y.S.2d 188, 191, 678 N.E.2d 874, 887 (1997) (emphasis in original). Plaintiff has not alleged, and cannot allege, any words or conduct communicated by Red Bull to Plaintiff that could give rise to a reasonable belief by Plaintiff that Red Bull has vested Creative Concepts with apparent authority to grant exclusive distributorships of Red Bull products. Plaintiff has only pled facts alleging conduct towards it by Creative Concepts, which cannot by itself create apparent authority. *Prop. Advisory Group, Inc. v. Bevona*, 718 F. Supp. 209, 211 (S.D.N.Y. 1989).

3.  **PLAINTIFF'S SECOND CAUSE OF ACTION ALSO FAILS TO STATE A CLAIM**

The Complaint alleges as a second cause of action "tortious interference with business opportunity." (Compl. at ¶16.) According to the skeletal allegations of the Complaint, Creative Concepts allegedly granted Plaintiff exclusive distribution rights for Red Bull vending machines in New York County, and Red Bull tortiously interfered with those alleged existing or prospective rights by permitting other distributors to sell in New York County. (*Id.* at ¶¶15-16.) The allegations are muddled, as it is entirely unclear whether Plaintiff is attempting to plead a claim for tortious interference with prospective business opportunity or a claim for tortious

---

[2] *See* discussion in Point 3(B)(1), *infra*, which demonstrates Creative Concepts was *not* an agent of Red Bull.

6

interference with existing contractual relations. Regardless, under either tort theory, Plaintiff fails to plead a viable claim under New York law.

### A. Plaintiff's Claims For Breach Of Contract and Tortious Interference Are Inconsistent On their Face

As a preliminary matter, Plaintiff cannot pursue a claim for breach of contract and tortious interference with existing contractual relations against the same party. Under New York law, a party to an alleged contract cannot be held liable for committing tortious interference with that contract. *See Roselink Investors, L.L.C. v. Shenkman*, 386 F. Supp. 2d 209, 228 (S.D.N.Y. 2004). *See also Widewaters Prop. Dev. Co., Inc. v. Katz*, 38 A.D.3d 1220, 836 N.Y.S.2d 746 (1st Dep't 2007) (dismissing tortious interference with contract claim against party to the contract).[3] In any event, Plaintiff cannot sustain either type of tortious interference claim.

### B. Plaintiff Fails to Adequately Plead -- And Cannot Plead -- A Tortious Interference with Contractual Relations Claim

A complaint for tortious interference with contractual relations under New York law must allege "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procurement of the third party's breach of the contract without justification; and (3) an actual breach of the contract and damages resulting from such breach." *Brady v. Calyon Sec. (USA)*, 406 F. Supp. 2d 307, 314 (S.D.N.Y. 2005). A party pleading tortious interference cannot merely plead conclusory language in asserting these elements: "the law requires some factual specificity in pleading tortious interference." *World Wide Commc'ns, Inc. v. Rozar*, 1997 WL 795750, *7 (S.D.N.Y. Dec. 30, 1997), *aff'd*, 65 Fed. Appx. 736 (2d Cir. 2003) (discussed *infra*). The Complaint fails to meet this pleading standard, and thus must be dismissed.

---

[3] As discussed above, Plaintiff alleges that Red Bull is a party to an alleged contract between Plaintiff and Creative Concepts and that both defendants breached the alleged contract. (Compl. at ¶11).

7

1.   *Plaintiff cannot allege the existence of a valid contract.*

The lack of an existing enforceable contract defeats the first element of a claim for tortious interference with contractual relations. *Blume v. A & R Fuels, Inc.*, 32 A.D.3d 811, 812, 821 N.Y.S.2d 132, 133 (2d Dep't 2006). Plaintiff does not even plead that it has a valid contract. In any event, it cannot plead such an element, as any contract upon which Plaintiff relies for alleged exclusive distributorship rights of Red Bull product is not enforceable. Section 1.2 of the actual agreement between Red Bull and Creative Concepts (attached as Exhibit B to the Lepera Affidavit) (hereinafter the "Agreement"), which the Complaint references (Compl. at ¶14), demonstrates that Creative Concepts had no legal right and agreed not to grant exclusive territories to any prospective Red Bull distributors and that Red Bull could sell its machines and products "to third parties approved by Red Bull at any time." (*See* Agreement at p. 1, ¶1.2.) Red Bull only gave Creative Concepts the non-exclusive right to resell Red Bull vending machines (*Id.*) Section 2.3 of the Agreement expressly forbid Creative Concepts from representing to its customers that it could provide "exclusive territories, routes, or locations." (*Id.*)[4]

Furthermore, Plaintiff has not alleged any facts regarding the terms of the purported exclusive distributorship between Plaintiff and Creative Concepts. This defect is fatal, since "by not pleading the terms of the contract[], there is no factual basis to infer that the contract [was] prospective and exclusive or guaranteed, which could give rise to a tortious interference with contract claim, as opposed to terminable at will, which generally cannot." *Rozar*, 1997 WL 795750 at *7. In *Rozar*, the Court dismissed a claim for tortious interference with contractual relations, holding that "the primary flaw in [the complaint] is the lack of any factual allegations as to the underlying contracts, with which [Defendants] allegedly tortiously interfered." *Id.* As

---

[4] The Agreement also clearly provides that Creative Concepts is *not* an agent of Red Bull, further demonstrating that Plaintiff's first cause of action should be dismissed with prejudice. (Agreement at p. 3, ¶4.4.)

8

with the complaint in *Rozar*, the Complaint in this action is devoid of any factual allegations regarding the term and/or terms of the alleged exclusive distributorship, and thus is not sufficient to survive a motion to dismiss. *See also Chambers Assoc. LLC v. 105 Acquisition LLC*, 37 A.D.3d 365, 365, 831 N.Y.S.2d 55, 55 (1st Dep't 2007) (dismissing claim for tortious interference with contract when complaint failed to plead the first element).

        2.     *Plaintiff cannot allege intentional interference and causation of breach.*

Plaintiff does not plead that Red Bull acted with any intention to cause any breach, or that it caused any alleged breach, of the purported contract between Plaintiff and Creative Concepts. Plaintiff simply states Red Bull permitted the sale of "Red Bull" products by others when it was aware that Plaintiff and Creative Concepts had entered into an exclusive distributorship agreement. (Compl. at ¶16.) This allegation is woefully insufficient to state any tortious interference claim. *Id. See also G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762, 767-768 (2d Cir. 1996), *cert. denied*, 516 U.S. 944, 116 S. Ct. 381 (1995) (applying New York law) (dismissing tortious interference with contract claim when "allegations fail to show that appellees had the requisite intent with regard to procuring the breach of . . . contracts with appellants"); *Atler v. Bogoricin*, 1997 WL 691332, *12 (S.D.N.Y. Nov. 6, 1997) (dismissing tortious interference with contract claim against some of the defendants where the complaint failed to assert any factual allegations of interference); *Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542, 561 (S.D.N.Y. 1985) (dismissing tortious interference counts where complaint failed to allege how and why defendants procured breach of contract). Importantly, interference that is incidental to a lawful objective is not sufficient to survive a motion to dismiss. *Gruntal & Co., Inc. v. San Diego Bancorp*, 1996 WL 343079, *3 (S.D.N.Y. Jun. 21, 1996) (tortious interference with contract claim dismissed when plaintiff failed to allege that defendant's alleged tortious actions were done with the specific intent to breach the contract).

9

### C. Plaintiff Similarly Fails to Plead -- And Cannot Plead -- A Viable Claim For Interference With Business Opportunity

Plaintiff's tortious interference claim for prospective business opportunity to sell Red Bull machines in New York County exclusively is fatally deficient, for the above stated reasons, and more. To state a claim for tortious interference with business relations under New York law, a plaintiff must plead: "(1) plaintiff had a business relation with a third party; (2) defendant interfered with those business relations; (3) defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) injury to the relationship." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir. 2002). The Complaint fails to allege these requisite elements and it is clear that Plaintiff cannot plead them.

This claim requires "direct interference with a third party, that is, the defendant must direct some activities towards the third party and convince the third party not to enter into a business relationship with the plaintiff." *Black Radio Network, Inc. v. Nynex Corp.*, 2000 WL 64874 (S.D.N.Y. Jan. 24, 2000). The Complaint only alleges that Red Bull (rightfully) permitted the sale of its product by other distributors. Plaintiff has not pled and cannot plead any such acts of interference as to any "business opportunity" between Creative Concepts and Plaintiff. *See Interboro Packaging Corp. v. G.P. Plastics Corp.*, 2003 WL 21403807 (S.D.N.Y. Jun. 18, 2003) (dismissing claim for tortious interference where plaintiff only alleged that defendant damaged business by placing plaintiff on credit hold, not by actually interfering in business relationships between plaintiff and third parties).

There is no question Plaintiff has not pled, and will not be able to allege or prove, that Red Bull acted for a wrongful purpose or used dishonest, unfair, or improper means in interfering with Plaintiff's alleged business relationship with Creative Concepts. Plaintiff can never establish that Red Bull -- by entering into other distributor relationships -- "disrupted" the alleged exclusive arrangement "either . . . for the sole purpose of harming plaintiff, or that such

10

conduct was wrongful or improper independent of the interference allegedly caused thereby." *Jacobs v. Continuum Health Partners, Inc.*, 7 A.D.3d 312, 313, 776 N.Y.S.2d 279, 279 (1st Dep't 2004). *See also Gruntal*, 1996 WL 343079 at *3 (dismissing claim for tortious interference with business relations for failure to allege intent to interfere); *Advanced Global Tech. LLC v. Sirius Satellite Radio, Inc.*, 15 Misc. 3d 776, 836 N.Y.S.2d 807 (Sup. Ct. New York Co. 2007) (dismissing claim for tortious interference with business relations where complaint stated only conclusory allegations of wrongful purpose or improper means).[5]

In sum, Plaintiff's conclusory and irrefutably unsupportable allegations do not state a claim for tortious interference with prospective business relations. Ultimately, Plaintiff will not be able to proffer any allegation remotely close to satisfying this legal standard, as Red Bull had every right to enter into other distributor relationships. Accordingly, Plaintiff's second cause of action should be dismissed with prejudice.

---

[5] Certainly, Red Bull, by allegedly selling to other distributors, in no way committed "a *prima facie* tort." (Compl. at ¶16.) Plaintiff throws in the term "prima facie tort" at the end of its complaint. To the extent that Plaintiff is claiming it has stated such a claim, such assertion is wholly without merit as the Plaintiff has not pled and cannot plead the elements of a prima facie tort, namely: (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful. *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 142-143, 490 N.Y.S.2d 735, 745, 480 N.E.2d 349, 355 (1985).

## CONCLUSION

For the foregoing reasons, Defendant Red Bull respectfully requests that this Court grant its motion to dismiss the Complaint against it in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, as Plaintiff will not be able to replead these claims in good faith under Fed. R. Civ. P. Rule 11, and to enter any such further or additional relief as the Court deems just and proper.

Dated: New York, New York
September 12, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By: *Christine Lepera*
Christine Lepera (CL 1165)
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700

*Attorneys for Red Bull of North America, Inc.*
*(sued incorrectly as "Red Bull, Inc.")*