UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

|  |  |
|---|---|
| PRIME 4 VENTURES, INC. | Civil Action No. |
|  | 07-CV-6912-(LAK)-(MHD) |
| Plaintiff, |  |
| -against- | **NOTICE OF** |
|  | **CROSS-MOTION** |
| CREATIVE CONCEPTS OF AMERICA, INC. |  |
| and RED BULL OF NORTH AMERICA, INC. |  |
| Defendants. |  |

---------------------------------------------------------------X

PLEASE TAKE NOTICE that, upon the accompanying Affidavit of Eugene F.

Haber, sworn to on September 25, 2007, and the exhibits attached thereto, and the

Memorandum of Law of Plaintiff Prime 4 Ventures, Inc. in Support of its Cross-Motion

and in Opposition to Defendant Red Bull of North America, Inc.'s Motion to Dismiss the

Complaint, dated September 25, 2007, Plaintiff Prime 4 Ventures, Inc., through its

undersigned counsel, will move this Court before the Honorable Lewis A. Kaplan at the

United States Courthouse for the Southern District of New York, 500 Pearl Street, New

York, New York on such date as may be determined by the Court, for an Order, pursuant

to Rule 15(a) of the Federal Rules of Civil Procedure, to amend the Complaint, with

leave of the Court.

Dated: Garden City, New York
      September 25, 2007

               COBERT, HABER & HABER

               By:    _____
                    Eugene F. Haber [EH5021]
                    1050 Franklin Avenue, Suite 507
                    Garden City, NY 11530
                    (516) 248-7844

               *Attorneys for Plaintiff Prime 4 Ventures, Inc.*

To:    Sonnenschein Nath & Rosenthal, LLP
       Christine Lepera, Esq.
       Attorneys for Defendant
       RED BULL OF NORTH AMERICA, INC.
       1221 Avenue of the Americas
       New York, NY 10020-1089
       (212) 768-6700

       CREATIVE CONCEPTS OF AMERICA, INC.
       Defendants *pro se*
       4300 N. University Drive, A-106
       Ft. Lauderdale, FL 33351

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PRIME 4 VENTURES, INC.

Civil Action No.
07 CV 6912 (LAK) (MHD)

Plaintiff,

-against-

**AFFIDAVIT OF SERVICE**

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.
                                        Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK )
COUNTY OF NASSAU )SS.:

ANGELA CORSO, being duly sworn, deposes and says:

Deponent is not a party to the action, is over the age of 18, and resides at Garden City, New
York.

On **September 25, 2007** deponent served a copy of the within NOTICE OF CROSS-MOTION,
AFFIDAVIT OF EUGENE F. HABER, AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS-
MOTION AND IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS by depositing same, securely
enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the
United States Postal Service within New York State, addressed to each of the following persons at the
last known address set forth after each name:

Sonnenschein Nath & Rosenthal, LLP
Attorneys for Defendant
RED BULL OF NORTH AMERICA, INC.
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6700

CREATIVE CONCEPTS OF AMERICA, INC.
Defendants *pro se*
4300 N. University Drive, A-106
Ft. Lauderdale, FL 33351

_____
                        ANGELA CORSO

Sworn to before me this
25th day of September, 2007

_____
                        Notary Public
MELANIE I. WIENER
Notary Public, State of New York
No.01WI6165791
Qualified in Nassau County
Commission Expires May 14, 2011

Civil Action No. 07 CV 6912 (LAK) (MHD)

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

PRIME 4 VENTURES, INC.,

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC. and RED BULL OF NORTH AMERICA, INC.,

Defendants.

# NOTICE OF CROSS MOTION

**COBERT, HABER & HABER**
*Attorneys for* Plaintiff
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

Dated:  *Garden City, N.Y.*
          *September 25, 2007*          _____

_____

*Service of a copy of the within*                                           *is hereby admitted.*

Dated:  *Garden City, N.Y.*
          *September 25, 2007*          _____
                                                    *Attorney(s) for*

*PLEASE TAKE NOTICE:*
                              NOTICE OF ENTRY
_____ *That the within is a (certified) true copy of a*      *entered in the office of the Clerk of the within-named Court on*

                              NOTICE OF SETTLEMENT
_____ *That an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within-named Court on*

Dated:  *Garden City, N.Y.*
          *September 25, 2007*

                                        **COBERT, HABER & HABER**
                                        *Attorneys for* Plaintiff
                                        1050 Franklin Avenue - Suite 507
                                        Garden City, NY 11530

*To:*
*Attorney(s) for*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Civil Action No.
07-CV-6912-(LAK)-(MHD)

PRIME 4 VENTURES, INC.

Plaintiff,

-against-

**AFFIDAVIT OF
EUGENE F. HABER**

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.

Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK   )
COUNTY OF NASSAU   )SS.:

EUGENE F. HABER, being duly sworn, deposes and says:

1.     I am a member of Cobert, Haber & Haber, attorneys for the plaintiff Prime 4 Ventures, Inc. in the above caption action. I submit this affidavit in support of plaintiff's cross-motion and in opposition to defendant Red Bull of North America, Inc.'s ("Red Bull") motion to dismiss.

2.     I submit this affidavit to transmit to the Court true and correct copies of certain documents referenced and quoted in the plaintiff's Memorandum of Law in this action that are relevant to the Court's determination of the plaintiff's cross-motion and defendant Red Bull's motion to dismiss.

3.     The plaintiff is in receipt of defendant Red Bull's motion to dismiss. The plaintiff seeks to file and serve a more specific Amended Complaint in response to said motion to dismiss. Prior to the service of the defendant Red Bull's motion, the plaintiff was not in receipt of the agreement between co-defendants Creative Concepts of

America, Inc. ("Creative Concepts") and Red Bull. However, the defendant Red Bull,

attached to its motion as Exhibit "B", supplied said agreement between co-defendants.

This agreement assists the plaintiff in alleging the Second and Third Causes of Action in

the plaintiff's Amended Complaint.  We note that defendant Red Bull's motion to

dismiss is made prior to interposing an Answer and prior to any discovery. Discovery is a

necessary step in the prosecution of this action. Creative Concepts has defaulted.

      4.     Annexed hereto as **Exhibit "A"** is a true and correct copy of the proposed

Amended Complaint which plaintiff seeks to file and serve on all defendants.

      5.     Annexed hereto as **Exhibit "B"** is a true and correct copy of the written

agreement between plaintiff and defendant Creative Concepts of America, Inc. dated

November 22, 2005.

_____
EUGENE F. HABER

Sworn to before this
25ᵗʰ day of September, 2007

_____
Notary Public
MELANIE I. WIENER
Notary Public, State of New York
No.01WI6165791
Qualified in Nassau County
Commission Expires May 14, 2011

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PRIME 4 VENTURES, INC.

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA , INC.

Defendants.
------------------------------------------------------------------X

Civil Action No.
07 CV 6912 (LAK) (MHD)

**AMENDED COMPLAINT**

Plaintiff, by its attorneys, Cobert, Haber & Haber, as and for  its Complaint set

forth as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.    At all times hereinafter mentioned, PRIME 4 VENTURES, INC. was and is a

corporation organized and existing under the laws of the State of New York.

2.    Upon information and belief, at all times hereinafter mentioned, the

defendant, CREATIVE CONCEPTS OF AMERICA, INC., (hereinafter "CREATIVE

CONCEPTS") was and is a corporation duly organized and existing under the laws of

the State of Florida.

3.    Upon information and belief, at all times hereinafter mentioned, the

defendant, CREATIVE CONCEPTS  was authorized to do business in the State of New

York.

4.    Upon information and belief, at all times hereinafter mentioned, the

defendant, CREATIVE CONCEPTS did business in the State of New York.

5.  That defendant, RED BULL NORTH AMERICA INC. (hereinafter "RED

BULL") was and is a corporation organized and existing under the laws of the State of

California.

6.  Upon information and belief, at all times hereinafter mentioned, the defendant,

RED BULL authorized to do business in the State of New York.

7.  Upon information and belief, at all times hereinafter mentioned, the

defendant, RED BULL did business in the State of New York.

8.  Upon information and belief, that defendant, RED BULL, is in the business

of bottling, canning, marketing and selling a high energy drink known as "Red Bull"

throughout the United States and other parts of North America, and also throughout the

world.

9.  Upon information and belief, that heretofore the defendants RED BULL and

CREATIVE CONCEPTS entered into a written agreement which provided in part that

CREATIVE CONCEPTS would be given the right to assist RED BULL in marketing its

product through vending machines in the State of New York.

10.  That on or about November 22, 2005, the plaintiff and defendant,

CREATIVE CONCEPTS, entered into a written agreement whereby CREATIVE

CONCEPTS would sell vending machines to the plaintiff exclusively for the distribution

and sale of RED BULL products and, in addition, this plaintiff would be the sole

distributor for the said products in the Borough of Manhattan. In addition, it was also to

be a distributor in the boroughs of Brooklyn and Bronx and the Counties of Nassau,

Suffolk, Queens and Richmond, although in those areas it would not be exclusive. In

accordance with such agreement, the plaintiff paid to the defendant the sum of

$150,745.00 for 50 vending machines and 10,000 energy drinks.

11.    That having the sole distribution rights in the area known as the Borough

of Manhattan was a material part of the agreement and the plaintiff relied on this

provision of the agreement and would not have entered into said agreement without this

provision.

12.    Thereafter, the plaintiff accepted delivery of fifty (50) vending machines,

but soon discovered that there were other parties that defendants, either acting alone or in

concert, had contracted with to sell the RED BULL product in the Borough of

Manhattan, where plaintiff was to have sole distribution rights.

13.    That the acts of the defendants was a material breach of the agreement

between the plaintiff and the defendant CREATIVE CONCEPTS.

14.    That due to the foregoing, the defendant CREATIVE CONCEPTS is liable

to the plaintiff for the sum of $500,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

15.    Plaintiff repeats, reiterates and realleges each and every allegation set

forth in paragraphs numbered "1" through "14" inclusive of this complaint with the same

force and effect as though more fully set forth at length herein.

-3-

16.     That there existed an agency relationship between RED BULL and CREATIVE CONCEPTS.

17.     That prior to entering into the written contract with CREATIVE CONCEPTS, the plaintiff, by its secretary, Jacob Tanur ("Tanur"), spoke to employees of RED BULL to discuss how the plaintiff could buy vending machines and gain distribution rights for the RED BULL product for such vending machines.

18.     That Tanur was told to speak with the person in charge of vending for RED BULL, namely an employee named "Lawrence" (full name unknown.)

19.     That "Lawrence" stated to Tanur that RED BULL was working with several third party companies, including CREATIVE CONCEPTS, to broker the sales of the branded vending machines to the public.

20.     That "Lawrence" told Jacob Tanur towards the end of August 2006 to early September 2006 that CREATIVE CONCEPTS had acquired the right to sell the RED BULL vending machines and distributions rights of RED BULL products from RED BULL and that plaintiff had to buy the machines and product from CREATIVE CONCEPTS and no one else.

21.     That RED BULL, as the principal, placed CREATIVE CONCEPTS, as the agent, in such a position that the plaintiff reasonably believed that CREATIVE CONCEPTS was acting within its authority and that the plaintiff reasonably relied on CREATIVE CONCEPTS' acts and representations.

-4-

22.    That there was a manifestation by RED BULL to the plaintiff as to the existence of CREATIVE CONCEPTS' apparent authority.

23.    That the plaintiff reasonably relied upon those representations to its detriment.

24.    That due to the foregoing, the defendant, RED BULL, is liable to the plaintiff in the sum of $500,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

25.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "24" inclusive of this complaint with the same force and effect as though more fully set forth at length herein.

26.    That RED BULL knowingly entered into an agreement with CREATIVE CONCEPTS for them to market its product.

27.    That CREATIVE CONCEPTS entered into a written agreement whereby CREATIVE CONCEPTS would sell vending machines to the plaintiff exclusively for the distribution and sale of RED BULL products and, in part, this plaintiff would be the sole distributor for the area of the Borough of Manhattan. In addition, it was also to be a distributor in the boroughs of Brooklyn and Bronx and the counties of Nassau, Suffolk, Queens and Richmond, although in those areas it would not be exclusive.

28.    That RED BULL knew that CREATIVE CONCEPTS was giving an exclusive distributorship to the plaintiff in the Borough of Manhattan.

-5-

29.     That the act of RED BULL in permitting the sale of its product by others when it knew its agent CREATIVE CONCEPTS had entered into an agreement for exclusive distributorship of said product by plaintiff constitutes tortious interference with business opportunity, a *prima facie* tort.

30.     That the act of RED BULL in permitting the sale of its product by others when it knew its agent CREATIVE CONCEPTS had entered into an agreement for exclusive distributorship of said product by plaintiff caused the breach of the contract between plaintiff and CREATIVE CONCEPTS and damages resulted from said breach.

31.     That due to the foregoing, the defendant, RED BULL, is liable to the plaintiff in the sum of $500,000.00.

WHEREFORE,  plaintiff demands judgment against the defendants as follows:

(a)     On the first cause of action in a sum of not less than $ 500,000.00, together with interest, costs and disbursements;

(b)     On the second cause of action in the sum of $500,000.00 together with interest, costs and disbursements.

(c)     On the third cause of action in the sum of $500,000.00, together with interest, costs and disbursements.

Dated:   September 25, 2007
        Garden City, NY

COBERT, HABER & HABER

By:  Eugene F. Haber, Esq. [EH5021]
Attorney for Plaintiff
1050 Franklin Avenue - Suite 507
Garden City, NY  11530
(516)  248-7844

# EXHIBIT B

## Terms & Conditions

The Seller, Creative Concepts of America, Inc. agrees to sell and the Purchaser agrees to purchase the product described on the front side of this purchase order according to the following terms and conditions:

1. Creative Concepts of America, Inc. guarantees to replace, or at its option, repair any products or parts thereof, which are found to be defective in material or workmanship within three (3) years from the date of purchase. The obligation shall be limited to the replacement or repair of the products F.O.B. Creative Concepts of America, Inc.

2. The Seller agrees to ship the equipment and/or product within forty five (45) days. As per legal statutes, if the Seller fails to ship the product, equipment, or supplies necessary to begin substantial operation of the business within 90 days of the delivery date from the time that funds are received, the Purchaser may cancel this order by notifying the seller in writing. Title to the products shall pass to the Purchaser upon receipt of the total amount due.

3. This Purchase Order is intended by the parties as a complete and final expression of the entire Purchase Agreement between the parties and as a complete and exclusive statement of its terms. Both the front and back of the agreement have been read and agreed to by both the Purchaser and the Seller. Purchaser and Seller do hereby acknowledge he/she has done so with a clear understanding of this agreement and all of its terms and provisions. Purchaser has been given the opportunity to have an attorney and/or an accountant review this document. Purchaser understands and agrees that Seller offers no buy-backs, money back guarantees, or refunds. Buyer agrees that he/she is not relying upon any verbal or written representation whatsoever, except as expressly set forth in this agreement. Buyer acknowledges and agrees that Seller does not guarantee or represent that the equipment when installed will generate any specific level of income. This agreement can only be modified in writing, signed by the parties, or their duly authorized agents.

4. Seller reserves the right to modify and upgrade changes in packaging and product content for the betterment of the product line.

5. Purchaser agrees and understands that the Seller does not provide locating services. The seller may however, provide to the buyer professional locating companies that do provide locating service. In the event that the Purchaser decides to hire a locating company, any decision by purchaser to hire such locating company is at the Purchaser's sole discretion.

6. Purchaser agrees, understands and acknowledges that Seller and Purchaser's relationship will be that of independent parties. Purchaser acknowledges that this is neither a franchise offering nor a security offering and involves only the purchase of products. After the initial order, Purchaser is not obligated to purchase any items at any time from the Seller. Upon request, Seller shall provide Purchaser an opportunity to purchase additional products.

7. Purchaser agrees not to engage in any unlawful or illegal trade practices or business activity. Purchaser shall be responsible for all Federal, State and Local taxes as well as any licenses that may be required to do business. Purchaser shall act as an independent entity in all matters concerning Purchaser's business.

8. Purchaser acknowledges that this is neither a franchise offering nor a security offering. The Purchaser is not required to pay the seller or any affiliated person any additional sums in order to obtain or commence the Purchaser's business other than the purchase price as agreed to on this purchase order.

9. Seller agrees to appoint and maintain during the term of this Agreement an agent for the receipt of service of process within the State of Florida with respect to any action arising out of or based upon the relationship between the Seller and Buyer. Seller's agent for service is: Marie Levinson 4300 N. University Drive Suite A-106 Ft. Lauderdale, Florida 33351. Seller reserves the right to change its agent for service at any time and will provide written notice to Purchaser if such an event occurs prior to the completion of any sale.

10. Any dispute under this agreement shall be settled by arbitration before the American Arbitration Association of South Florida in accordance with their rules and procedures. Judgment on the award may be entered in any Court of competent jurisdiction. The laws of the State of Florida shall determine interpretation of this Agreement. Exclusive venue for the resolution of disputes shall be in Broward County, Florida.

NOV-21-2005  04:35PM  FROM-CREATIVE CONCEPTS                    +9547429370        T-287  P.005/008  F-657

## Rider to Contract entered into between Prime4 Ventures, Inc. and Creative Concepts of America, Inc. on

1/22/05

1) Both parties hereto acknowledge that this rider is to serve as an addition to the Contract entered into between Prime4 Ventures, Inc. ("Buyer") and Creative Concepts of America, Inc. ("Seller") on 1/22/05 for the sale of Red Bull Vending Machines and other goods specified therein ("Contract"). This rider is hereby incorporated and made a part of the Contract.

2) Both parties hereto agree that in the event this Rider conflicts with any provisions of the Contract, this Rider shall be govern.

3) The Contract is composed of a Purchase Order, a Terms and Conditions page, and Attachment A to Purchase Order – Protected Area.

4) It is understood by all parties hereto that the total sum to be paid to the Seller is One Hundred Fifty Thousand, Seven Hundred Forty-Five ($150,745) Dollars, including all shipping and delivery fees, and that no other fees are payable to Seller except as provided herein.

5) The goods to be transferred to the Buyer comprise of: Fifty (50) soft drink vending machines officially branded "Red Bull" model No. RVRB372-1; Five Thousand (5,000) regular Red Bull energy drinks in 8oz cans; Five Thousand (5,000) sugar-free Red Bull energy drinks in 8oz cans; and sufficient quantities of marketing materials, including signs, posters, information packets, etc., as are reasonably necessary to establish and maintain Fifty (50) such vending machines.

6) Seller shall, at its sole expense provide a warranty for all machines sold to Buyer in accordance with this contract with the following terms: the initial warranty period shall begin on the date of delivery of the machine and run for three (3) years thereafter; in the event that a machine fails to operate for any reason, including improper workmanship and materials, theft, or vandalism, Seller shall, on reasonable notice and in reasonable time, at its sole expense, repair or replace the machine so that it is in full and proper working order; such warranty shall include all necessary materials, parts, service, and labor; after the expiration of the initial warranty period, Seller shall, at the Buyer's option, extend

FROM :                        FAX NO. : 7187278937                Nov. 21 2005 12:03PM P1

JUL.02.2006 21:32  7188361477                                                    #6211 P.005/ 007

the warranty, under the same terms, at a price no greater than Twelve ($12) Dollars per month per machine.

7) Seller agrees that Buyer shall have the exclusive right to own and operate officially branded "Red Bull" vending machines within the borough of Manhattan, in the City of New York; that there will be no more than Five (5) owners/operators of said machines, including the Buyer in the boroughs of Brooklyn, Queens, and Bronx in the City of New York; that there will be no more than Five (5) owners/operators of said machines, including the Buyer in the counties of Nassau and Suffolk in the State of New York; and that there will be no more than Two (2) owners/operators of said machines, including the Buyer in the borough of Staten Island in the City of New York.

8) Seller agrees that it and its officers, directors, and shareholders shall not, directly or indirectly, in whole or in part, own, act as a consultant to, or enter into sales or distribution agreements with any entity that violates, or attempts to violate the terms of Section 7 above.

9) Seller agrees to provide to Buyer additional supplies of Red Bull energy drink, either regular or sugar-free, at a cost not to exceed One Dollar and Twenty-Five Cents ($1.25) per can. Buyer is under no obligation to purchase any additional cans of Red Bull energy drink, and may, at its sole discretion, acquire said cans from any other source.

10) Buyers agree to purchase a minimum of Twenty-Five (25) additional vending machines from the Seller every Six (6) months for a period of Two (2) years, or until an additional One Hundred (100) machines, not counting the Fifty (50) sold hereunder, are purchased. Price for such machines shall be no more than $2,895 per machine, not including shipping or product. *a.h.*

11) Seller shall not charge any additional franchise or renewal fees of any kind at any time in the future.

12) All machines purchased hereunder are to be received no later than Forty-Five (45) days after the date payment is received by the Seller. In the event that all machines are not received within said time period, Buyer may request a full refund, and such refund shall be issued within ten (10) days of Buyer's request for such refund. In the event that some, but not all, machines have been received by the Buyer prior to the issuance of the refund, Seller shall have the right to reclaim, at its sole expense, said machines.

13)Seller hereby warrants and represents that it has full and clear title to all goods sold hereunder.

14)Seller hereby warrants and represents that by entering into this contract it is not violating the intellectual property rights of any other party and is not breaching any contract between the Seller and any other party.

15)Seller hereby warrants and represents that it has the right to use trademarked and copyrighted materials associated with the "Red Bull" label, and that it has the right to sell such materials to the Buyer.

16)In the event that Seller breaches the provisions of Sections 13, 14, or 15 hereof, Seller agrees to indemnify and hold harmless, by an attorney of the Buyer's choice, the Buyer against any claims against the Buyer relating to the Sellers breach of said provisions.

17)In the event that any action is brought by either party hereto arising under or relating to this Contract, the prevailing party shall be entitle to recover reasonable attorney's fees from the other party.

18)All vending machines referenced herein shall be officially branded "Red Bull" machines model No. RVRB372-1, or substantially similar future models, provided that said models are acceptable to the Buyer.

19)Parties hereby agree that for the purposes of this Contract faxed signatures shall be deemed original and fully enforceable.

20)Parties hereby agree that this contract shall not be binding on either party until fully executed by both parties.

Buyer                          Seller

By:                            By:

_____ 11/2/05    Andrew Kennedy  11/2/05

President,
Prime4 Ventures, Inc.          Creative Concepts of America, Inc.

Civil Action No. 07 CV 6912 (LAK) (MHD)

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

PRIME 4 VENTURES, INC.,

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC. and RED BULL OF NORTH AMERICA, INC.,

Defendants.

# AFFIDAVIT OF EUGENE F. HABER

## COBERT, HABER & HABER
*Attorneys for* Plaintiff
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

*Dated:*  *Garden City, N.Y.*
     *September 25, 2007*

_____

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*  *Garden City, N.Y.*
     *September 25, 2007*
                              _____
                                   *Attorney(s) for*

*PLEASE TAKE NOTICE:*

### NOTICE OF ENTRY

_____ *That the within is a (certified) true copy of a*          *entered in the office of the Clerk of the within-named Court on*

### NOTICE OF SETTLEMENT

_____ *That an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within-named Court on*

*Dated:*  *Garden City, N.Y.*
     *September 25, 2007*

## COBERT, HABER & HABER
*Attorneys for* Plaintiff
1050 Franklin Avenue - Suite 507
Garden City, NY 11530

*To:*
*Attorney(s) for*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                                            Civil Action No.
PRIME 4 VENTURES, INC.                                      07 CV 6912 (LAK) (MHD)
                              Plaintiff,
            -against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.
                              Defendants.
--------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S CROSS-MOTION AND
IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................... ii

PROCEDURAL BACKGROUND ................................................. 2

PRELIMINARY STATEMENT .................................................. 2

ARGUMENT ........................................................................ 4

CONCLUSION.. ..................................................................... 8

i

**TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*World Wide Commc'ns, Inc. v. Rozar*, 1997 WL 795750, 7 (S.D.N.Y. Dec. 30, 1997),
    *aff'd*, 65 Fed. Appx. 736 *2d Circ. 2003.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bank v. Pitt*, 928 F.2d 1108 (C.A.Fla. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Friedlander v. Nims*, 755 F.2d 810 (C.A.Ga. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)  . . . . . . . . . . . . . . 5

*Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007).  . . . . . . . . . . 5

*Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275, 2 (S.D.N.Y. Jul.
    27, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development
    Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962) . . . . . . . . . . . . . . . . . . 6

*Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*, 658 F. Supp. 528 (D.D.C.
    1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Speed Auto Sales, Inc. v. American Motors Corp*, 477 F. Supp. 1193
    (D.C.N.Y. 1979.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rennie & Laughlin, Inc. v. Chrysler Corp*, 242 F.2d 208 (C.A.Cal. 1957)  . . . . . . . . . . . 7

**STATUTES**

28 U.S.C. § 1441(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

### MEMORANDUM OF LAW IN SUPPORT
### OF PLAINTIFF'S CROSS-MOTION AND
### IN OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS

Plaintiff PRIME 4 VENTURES, INC., ("Plaintiff"), by and through its attorneys,

Cobert, Haber & Haber, respectfully submit this memorandum of law in opposition to the

defendant RED BULL, INC's ("Red Bull") motion, pursuant to Fed. R. Civ. P. 12(b)(6),

to dismiss the Complaint of plaintiff in its entirety as asserted against Red Bull for failure

to state any claim upon which relief may be granted, and in support of the Plaintiff's

motion, pursuant to Fed. R. Civ. P. 15(a), to amend the Complaint, with leave of the

Court.

### PROCEDURAL BACKGROUND

Plaintiff filed this action on or about June 8, 2007, in New York State Supreme

Court, New York County, under Index #108075/07. After Red Bull was served, on

August 1, 2007, the case was timely removed by Red Bull's petition to this Court,

pursuant to 28 U.S.C. § 1441(a). Defendant Creative Concepts of America, Inc.

("Creative Concepts"), although served, has not appeared. Defendant Red Bull has made

this motion to dismiss before interposing its Answer.

### PRELIMINARY STATEMENT

Plaintiff brought this action against Red Bull and Creative Concepts asserting

breach of contract and tortious interference. The underling facts are: Creative Concepts

entered into an agreement with Red Bull to sell or market Red Bull vending machines to

-2-

distributors in New York. Plaintiff thereafter entered into an agreement with Creative Concepts, pursuant to which Creative Concepts agreed to give Plaintiff sole and exclusive rights to distribute Red Bull vending machines in the Borough of Manhattan. In addition, it was also to be a distributor in the boroughs of Brooklyn and Bronx and the counties of Nassau, Suffolk, Queens and Richmond, although in those areas it would not be exclusive. In accordance with such agreement, the plaintiff paid to Creative Concepts the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks.

Thereafter, the Plaintiff accepted delivery of fifty (50) vending machines, but soon discovered that there were other parties that Creative Concepts had contracted with to sell the Red Bull product in the County of New York, where Plaintiff was to have sole distribution rights. That the acts of both Red Bull and Creative Concepts breached the contract between the plaintiff and Creative Concepts.

Red Bull knew that Creative Concepts was giving an exclusive distributorship to the Plaintiff in the County of New York and the acts of Red Bull in permitting the sale of its product by others when it knew its agent had entered into an agreement for exclusive distributorship of said product by Plaintiff constitutes tortious interference with business opportunity, a *prima facie* tort.

## ARGUMENT

The defendant Red Bull, in paragraph 2 of its Argument, states that no privity of contract existed between Red Bull and the plaintiff. The plaintiff mistakenly did not identify which defendant it sought its first cause of action against. The plaintiff is aware that there is not a contract between Red Bull and the plaintiff. Rather, the plaintiff intended to make its first cause of action against Creative Concepts alone.

Therefore, the plaintiff seeks to amend its complaint to direct the first cause of action against defendant Creative Concepts alone and to add a cause of action against defendant Red Bull based upon the ground that it had invested Creative Concepts with apparent authority (pursuant to Fed. R. Civ. P. 15(a).) A copy of the proposed Amended Complaint is annexed to the Affidavit of Eugene F. Haber as **Exhibit "A."**

Once an Amended Complaint is filed and served, the defendant Red Bull will see that another theory of contractual liability has been pled as a second cause of action, namely apparent authority, and that the third cause of action for tortious interference has been pled with more factual specificity. *See World Wide Commc'ns, Inc. v. Rozar*, 1997 WL 795750, 7 (S.D.N.Y. Dec. 30, 1997), *aff'd*, 65 Fed. Appx. 736 *2d Circ. 2003.) The Amended Complaint now meets the required pleading standards.

Where more carefully drafted complaint might state a claim, plaintiff must be given at least one chance to amend complaint before district court dismisses action with prejudice. *See Bank v. Pitt*, 928 F.2d 1108 (C.A.Fla. 1991). The district court should

give plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *See Friedlander v. Nims*, 755 F.2d 810 (C.A.Ga. 1985).

The defendant Red Bull was correct that the Court must determine whether the complaint provides "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007).)

However, now that the Plaintiff is requesting an Amended Complaint be filed and served, the plaintiff has amplified its claims with some factual allegations to render the claims plausible. *Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275, 2 (S.D.N.Y. Jul. 27, 2007). The plaintiff has raised factual allegations sufficient to raise a right to relief above the speculative level. *See ATSI*, 493 F.3d at 98.

In evaluating an amended complaint for sufficiency, Court of Appeals must accept facts pleaded as true and construe them in light favorable to plaintiffs. The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is low. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983).

An amended complaint should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts which could be proved in

-5-

support of his claim. *See Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962).

A motion to dismiss a complaint on the basis that the plaintiff failed to allege facts sufficient to establish liability for breach of contract on the part of the defendant was moot, where the plaintiff amended its complaint to add necessary allegations, and defendant did not move to dismiss amended complaint. *See Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*, 658 F. Supp. 528 (D.D.C. 1987).

Issue to be decided on motion to dismiss for failure to state a claim was not whether plaintiff would ultimately prevail in the action, but whether it was entitled to proceed with discovery and offer evidence in support of its claim. *See Speed Auto Sales, Inc. v. American Motors Corp*, 477 F. Supp. 1193 (D.C.N.Y. 1979.)

Clearly, the proposed Amended Complaint entitles the plaintiff to proceed with discovery and to offer evidence in support of its claim.  It is clear that the plaintiff communicated with employees of Red Bull North America.  It is clear from the defendant's motion that a contract indeed existed between Red Bull and Creative Concepts.  A contract also exists between Creative Concepts and the plaintiff.  It was not necessary for the plaintiff to annex the written agreement between the plaintiff and Creative Concepts to its original Complaint.  However, it is annexed to the Affidavit of Eugene F. Haber as **Exhibit "B."**

Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are viewed with disfavor in federal courts because of possible waste of time in case of reversal of a dismissal of the action, and because the primary objective of the law is to obtain a determination on the merits of any claim, and therefore a case should be tried on the proofs rather than the pleadings. *See Rennie & Laughlin, Inc. v. Chrysler Corp*, 242 F.2d 208 (C.A.Cal. 1957).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court deny the defendant Red Bull's motion to dismiss the Complaint of plaintiff in its entirety as asserted against Red Bull for failure to state any claim upon which relief may be granted, and grant the plaintiff's motion, pursuant to Fed. R. Civ. P. 15(a), to amend the Complaint, with leave of the Court, and to enter any such further or additional relief as the Court deems just and proper.

Dated: Garden City, New York
       September 24, 2007

COBERT, HABER & HABER

By: _____
    Eugene F. Haber [EH5021]
    1050 Franklin Avenue, Suite 507
    Garden City, NY 11530
    (516) 248-7844

*Attorneys for Plaintiff Prime 4 Ventures, Inc.*

Civil Action No. 07 CV 6912 (LAK) (MHD)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

PRIME 4 VENTURES, INC.,

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC. and RED BULL OF NORTH AMERICA, INC.,

Defendants.

# MEMORANDUM OF LAW

## COBERT, HABER & HABER
*Attorneys for* Plaintiff
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

*Dated:* Garden City, N.Y.
September 25, 2007

_____

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:* Garden City, N.Y.
September 25, 2007

_____
*Attorney(s) for*

*PLEASE TAKE NOTICE:*

### NOTICE OF ENTRY

_____ *That the within is a (certified) true copy of a* entered in the office of the Clerk of the within-named Court on

### NOTICE OF SETTLEMENT

_____ *That an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within-named Court on*

*Dated:* Garden City, N.Y.
September 25, 2007

## COBERT, HABER & HABER
*Attorneys for* Plaintiff
1050 Franklin Avenue - Suite 507
Garden City, NY 11530

To:
Attorney(s) for