UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PRIME 4 VENTURES, INC.
                    Plaintiff,

      -against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.
                    Defendants.
------------------------------------------------------------------X

Civil Action No.
07 CV 6912 (LAK) (MHD)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS-MOTION AND IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................. ii

PROCEDURAL BACKGROUND ........................................................ 2

PRELIMINARY STATEMENT ......................................................... 2

ARGUMENT ............................................................................. 4

CONCLUSION.. ........................................................................ 8

# TABLE OF AUTHORITIES

**FEDERAL CASES**

**Page**

*World Wide Commc'ns, Inc. v. Rozar*, 1997 WL 795750, 7 (S.D.N.Y. Dec. 30, 1997), aff'd, 65 Fed. Appx. 736 *2d Circ. 2003.) ................................. 4

*Bank v. Pitt*, 928 F.2d 1108 (C.A.Fla. 1991) ........................................ 4

*Friedlander v. Nims*, 755 F.2d 810 (C.A.Ga. 1985) ................................. 5

*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ............... 5

*Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). ........ 5

*Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275, 2 (S.D.N.Y. Jul. 27, 2007) ............................................................. 5

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983) .................................... 5

*Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962) .................. 6

*Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*, 658 F. Supp. 528 (D.D.C. 1987) .............................................................. 6

*Speed Auto Sales, Inc. v. American Motors Corp*, 477 F. Supp. 1193 (D.C.N.Y. 1979.) ............................................................. 6

*Rennie & Laughlin, Inc. v. Chrysler Corp*, 242 F.2d 208 (C.A.Cal. 1957) .......... 7

**STATUTES**

28 U.S.C. § 1441(a) ............................................................. 2

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S CROSS-MOTION AND
IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS

Plaintiff PRIME 4 VENTURES, INC., ("Plaintiff"), by and through its attorneys, Cobert, Haber & Haber, respectfully submit this memorandum of law in opposition to the defendant RED BULL, INC's ("Red Bull") motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint of plaintiff in its entirety as asserted against Red Bull for failure to state any claim upon which relief may be granted, and in support of the Plaintiff's motion, pursuant to Fed. R. Civ. P. 15(a), to amend the Complaint, with leave of the Court.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on or about June 8, 2007, in New York State Supreme Court, New York County, under Index #108075/07. After Red Bull was served, on August 1, 2007, the case was timely removed by Red Bull's petition to this Court, pursuant to 28 U.S.C. § 1441(a). Defendant Creative Concepts of America, Inc. ("Creative Concepts"), although served, has not appeared. Defendant Red Bull has made this motion to dismiss before interposing its Answer.

## PRELIMINARY STATEMENT

Plaintiff brought this action against Red Bull and Creative Concepts asserting breach of contract and tortious interference. The underling facts are: Creative Concepts entered into an agreement with Red Bull to sell or market Red Bull vending machines to

distributors in New York. Plaintiff thereafter entered into an agreement with Creative Concepts, pursuant to which Creative Concepts agreed to give Plaintiff sole and exclusive rights to distribute Red Bull vending machines in the Borough of Manhattan. In addition, it was also to be a distributor in the boroughs of Brooklyn and Bronx and the counties of Nassau, Suffolk, Queens and Richmond, although in those areas it would not be exclusive. In accordance with such agreement, the plaintiff paid to Creative Concepts the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks.

Thereafter, the Plaintiff accepted delivery of fifty (50) vending machines, but soon discovered that there were other parties that Creative Concepts had contracted with to sell the Red Bull product in the County of New York, where Plaintiff was to have sole distribution rights. That the acts of both Red Bull and Creative Concepts breached the contract between the plaintiff and Creative Concepts.

Red Bull knew that Creative Concepts was giving an exclusive distributorship to the Plaintiff in the County of New York and the acts of Red Bull in permitting the sale of its product by others when it knew its agent had entered into an agreement for exclusive distributorship of said product by Plaintiff constitutes tortious interference with business opportunity, a *prima facie* tort.


## ARGUMENT

The defendant Red Bull, in paragraph 2 of its Argument, states that no privity of contract existed between Red Bull and the plaintiff. The plaintiff mistakenly did not identify which defendant it sought its first cause of action against. The plaintiff is aware that there is not a contract between Red Bull and the plaintiff. Rather, the plaintiff intended to make its first cause of action against Creative Concepts alone.

Therefore, the plaintiff seeks to amend its complaint to direct the first cause of action against defendant Creative Concepts alone and to add a cause of action against defendant Red Bull based upon the ground that it had invested Creative Concepts with apparent authority (pursuant to Fed. R. Civ. P. 15(a).) A copy of the proposed Amended Complaint is annexed to the Affidavit of Eugene F. Haber as **Exhibit "A."**

Once an Amended Complaint is filed and served, the defendant Red Bull will see that another theory of contractual liability has been pled as a second cause of action, namely apparent authority, and that the third cause of action for tortious interference has been pled with more factual specificity. *See World Wide Commc'ns, Inc. v. Rozar*, 1997 WL 795750, 7 (S.D.N.Y. Dec. 30, 1997), *aff'd*, 65 Fed. Appx. 736 *2d Circ. 2003.) The Amended Complaint now meets the required pleading standards.

Where more carefully drafted complaint might state a claim, plaintiff must be given at least one chance to amend complaint before district court dismisses action with prejudice. *See Bank v. Pitt*, 928 F.2d 1108 (C.A.Fla. 1991). The district court should

give plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *See Friedlander v. Nims*, 755 F.2d 810 (C.A.Ga. 1985).

The defendant Red Bull was correct that the Court must determine whether the complaint provides "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007).)

However, now that the Plaintiff is requesting an Amended Complaint be filed and served, the plaintiff has amplified its claims with some factual allegations to render the claims plausible. *Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275, 2 (S.D.N.Y. Jul. 27, 2007). The plaintiff has raised factual allegations sufficient to raise a right to relief above the speculative level. *See ATSI*, 493 F.3d at 98.

In evaluating an amended complaint for sufficiency, Court of Appeals must accept facts pleaded as true and construe them in light favorable to plaintiffs. The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is low. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983).

An amended complaint should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts which could be proved in

support of his claim. *See Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962).

A motion to dismiss a complaint on the basis that the plaintiff failed to allege facts sufficient to establish liability for breach of contract on the part of the defendant was moot, where the plaintiff amended its complaint to add necessary allegations, and defendant did not move to dismiss amended complaint. *See Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*, 658 F. Supp. 528 (D.D.C. 1987).

Issue to be decided on motion to dismiss for failure to state a claim was not whether plaintiff would ultimately prevail in the action, but whether it was entitled to proceed with discovery and offer evidence in support of its claim. *See Speed Auto Sales, Inc. v. American Motors Corp*, 477 F. Supp. 1193 (D.C.N.Y. 1979.)

Clearly, the proposed Amended Complaint entitles the plaintiff to proceed with discovery and to offer evidence in support of its claim. It is clear that the plaintiff communicated with employees of Red Bull North America. It is clear from the defendant's motion that a contract indeed existed between Red Bull and Creative Concepts. A contract also exists between Creative Concepts and the plaintiff. It was not necessary for the plaintiff to annex the written agreement between the plaintiff and Creative Concepts to its original Complaint. However, it is annexed to the Affidavit of Eugene F. Haber as **Exhibit "B."**

Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are viewed with disfavor in federal courts because of possible waste of time in case of reversal of a dismissal of the action, and because the primary objective of the law is to obtain a determination on the merits of any claim, and therefore a case should be tried on the proofs rather than the pleadings. *See Rennie & Laughlin, Inc. v. Chrysler Corp*, 242 F.2d 208 (C.A.Cal. 1957).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court deny the defendant Red Bull's motion to dismiss the Complaint of plaintiff in its entirety as asserted against Red Bull for failure to state any claim upon which relief may be granted, and grant the plaintiff's motion, pursuant to Fed. R. Civ. P. 15(a), to amend the Complaint, with leave of the Court, and to enter any such further or additional relief as the Court deems just and proper.

Dated: Garden City, New York
       September 24, 2007

COBERT, HABER & HABER

By: _____
Eugene F. Haber [EH5021]
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844

*Attorneys for Plaintiff Prime 4 Ventures, Inc.*

Civil Action No. 07 CV 6912 (LAK) (MHD)

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

PRIME 4 VENTURES, INC.,

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC. and RED BULL OF NORTH AMERICA, INC.,

Defendants.

# MEMORANDUM OF LAW

**COBERT, HABER & HABER**
*Attorneys for* Plaintiff
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

Dated: Garden City, N.Y.
       September 25, 2007

_____

*Service of a copy of the within* is hereby admitted.

Dated: Garden City, N.Y.
       September 25, 2007

Attorney(s) for _____

*PLEASE TAKE NOTICE:*

NOTICE OF ENTRY

____ *That the within is a (certified) true copy of a* entered in the office of the Clerk of the within-named Court on

NOTICE OF SETTLEMENT

____ *That an Order of which the within is a true copy will be presented for settlement to the Hon.* one of the judges of the within-named Court on

Dated: Garden City, N.Y.
       September 25, 2007

**COBERT, HABER & HABER**
*Attorneys for* Plaintiff
1050 Franklin Avenue - Suite 507
Garden City, NY 11530

*To:*
*Attorney(s) for*