UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PRIME 4 VENTURES, INC.

                    Plaintiff,

        -against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA , INC.
                 Defendants.
-----------------------------------------------------------------X

Civil Action No.
07 CV 6912 (LAK) (MHD)

**AMENDED COMPLAINT**

Plaintiff, by its attorneys, Cobert, Haber & Haber, as and for its Complaint set forth as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times hereinafter mentioned, PRIME 4 VENTURES, INC. was and is a corporation organized and existing under the laws of the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the defendant, CREATIVE CONCEPTS OF AMERICA, INC., (hereinafter "CREATIVE CONCEPTS") was and is a corporation duly organized and existing under the laws of the State of Florida.

3. Upon information and belief, at all times hereinafter mentioned, the defendant, CREATIVE CONCEPTS was authorized to do business in the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the defendant, CREATIVE CONCEPTS did business in the State of New York.

5. That defendant, RED BULL NORTH AMERICA INC. (hereinafter "RED BULL") was and is a corporation organized and existing under the laws of the State of California.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, RED BULL authorized to do business in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, the defendant, RED BULL did business in the State of New York.

8. Upon information and belief, that defendant, RED BULL, is in the business of bottling, canning, marketing and selling a high energy drink known as "Red Bull" throughout the United States and other parts of North America, and also throughout the world.

9. Upon information and belief, that heretofore the defendants RED BULL and CREATIVE CONCEPTS entered into a written agreement which provided in part that CREATIVE CONCEPTS would be given the right to assist RED BULL in marketing its product through vending machines in the State of New York.

10. That on or about November 22, 2005, the plaintiff and defendant, CREATIVE CONCEPTS, entered into a written agreement whereby CREATIVE CONCEPTS would sell vending machines to the plaintiff exclusively for the distribution and sale of RED BULL products and, in addition, this plaintiff would be the sole distributor for the said products in the Borough of Manhattan. In addition, it was also to

be a distributor in the boroughs of Brooklyn and Bronx and the Counties of Nassau, Suffolk, Queens and Richmond, although in those areas it would not be exclusive. In accordance with such agreement, the plaintiff paid to the defendant the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks.

11.     That having the sole distribution rights in the area known as the Borough of Manhattan was a material part of the agreement and the plaintiff relied on this provision of the agreement and would not have entered into said agreement without this provision.

12.     Thereafter, the plaintiff accepted delivery of fifty (50) vending machines, but soon discovered that there were other parties that defendants, either acting alone or in concert, had contracted with to sell the RED BULL product in the Borough of Manhattan, where plaintiff was to have sole distribution rights.

13.     That the acts of the defendants was a material breach of the agreement between the plaintiff and the defendant CREATIVE CONCEPTS.

14.     That due to the foregoing, the defendant CREATIVE CONCEPTS is liable to the plaintiff for the sum of $500,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

15.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "14" inclusive of this complaint with the same force and effect as though more fully set forth at length herein.

16. That there existed an agency relationship between RED BULL and CREATIVE CONCEPTS.

17. That prior to entering into the written contract with CREATIVE CONCEPTS, the plaintiff, by its secretary, Jacob Tanur ("Tanur"), spoke to employees of RED BULL to discuss how the plaintiff could buy vending machines and gain distribution rights for the RED BULL product for such vending machines.

18. That Tanur was told to speak with the person in charge of vending for RED BULL, namely an employee named "Lawrence" (full name unknown.)

19. That "Lawrence" stated to Tanur that RED BULL was working with several third party companies, including CREATIVE CONCEPTS, to broker the sales of the branded vending machines to the public.

20. That "Lawrence" told Jacob Tanur towards the end of August 2006 to early September 2006 that CREATIVE CONCEPTS had acquired the right to sell the RED BULL vending machines and distributions rights of RED BULL products from RED BULL and that plaintiff had to buy the machines and product from CREATIVE CONCEPTS and no one else.

21. That RED BULL, as the principal, placed CREATIVE CONCEPTS, as the agent, in such a position that the plaintiff reasonably believed that CREATIVE CONCEPTS was acting within its authority and that the plaintiff reasonably relied on CREATIVE CONCEPTS' acts and representations.

22. That there was a manifestation by RED BULL to the plaintiff as to the existence of CREATIVE CONCEPTS' apparent authority.

23. That the plaintiff reasonably relied upon those representations to its detriment.

24. That due to the foregoing, the defendant, RED BULL, is liable to the plaintiff in the sum of $500,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered "1" through "24" inclusive of this complaint with the same force and effect as though more fully set forth at length herein.

26. That RED BULL knowingly entered into an agreement with CREATIVE CONCEPTS for them to market its product.

27. That CREATIVE CONCEPTS entered into a written agreement whereby CREATIVE CONCEPTS would sell vending machines to the plaintiff exclusively for the distribution and sale of RED BULL products and, in part, this plaintiff would be the sole distributor for the area of the Borough of Manhattan. In addition, it was also to be a distributor in the boroughs of Brooklyn and Bronx and the counties of Nassau, Suffolk, Queens and Richmond, although in those areas it would not be exclusive.

28. That RED BULL knew that CREATIVE CONCEPTS was giving an exclusive distributorship to the plaintiff in the Borough of Manhattan.

29. That the act of RED BULL in permitting the sale of its product by others when it knew its agent CREATIVE CONCEPTS had entered into an agreement for exclusive distributorship of said product by plaintiff constitutes tortious interference with business opportunity, a *prima facie* tort.

30. That the act of RED BULL in permitting the sale of its product by others when it knew its agent CREATIVE CONCEPTS had entered into an agreement for exclusive distributorship of said product by plaintiff caused the breach of the contract between plaintiff and CREATIVE CONCEPTS and damages resulted from said breach.

31. That due to the foregoing, the defendant, RED BULL, is liable to the plaintiff in the sum of $500,000.00.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

(a) On the first cause of action in a sum of not less than $ 500,000.00, together with interest, costs and disbursements;

(b) On the second cause of action in the sum of $500,000.00 together with interest, costs and disbursements.

(c) On the third cause of action in the sum of $500,000.00, together with interest, costs and disbursements.

Dated: October 18, 2007
       Garden City, NY

COBERT, HABER & HABER

By: Eugene F. Haber, Esq. [EH5021]
Attorney for Plaintiff
1050 Franklin Avenue - Suite 507
Garden City, NY 11530
(516) 248-7844

-6-

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PRIME 4 VENTURES, INC.

                      Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.
                      Defendants.
-----------------------------------------------------------------X

Civil Action No.
07 CV 6912 (LAK) (MHD)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
COUNTY OF NASSAU )ss.:

      GALE GREY, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over the age of 18, and resides at Hempstead, New York.

      On **October 18, 2007** deponent served a copy of the within AMENDED COMPLAINT by depositing same, securely enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Sonnenschein Nath & Rosenthal, LLP
Attorneys for Defendant
RED BULL OF NORTH AMERICA, INC.
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6700

CREATIVE CONCEPTS OF AMERICA, INC.
Defendants *pro se*
4300 N. University Drive, A-106
Ft. Lauderdale, FL 33351

_____
                  GALE GREY

Sworn to before me this
18th day of October, 2007

_____
      Notary Public
MELANIE I. WIENER
Notary Public, State of New York
No.01WI6165791
Qualified in Nassau County
Commission Expires May 14, 2011