UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PRIME 4 VENTURES, INC.
         Plaintiff,

 -against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.
         Defendants.
-----------------------------------------------------------------X

Civil Action No.
07 CV 6912 (LAK) (MHD)

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................. ii

PROCEDURAL BACKGROUND ............................................. 2

PRELIMINARY STATEMENT .............................................. 3

ARGUMENT ............................................................ 4

CONCLUSION.. ....................................................... 11

# **TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ................. 5

*Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275, 2 (S.D.N.Y. Jul. 27, 2007) ................................................................. 5

*Blackman v. Hustler Magazine, Inc.*, 620 F.Supp. 1501 (D.D.C. 1984) ............... 7

*Curti v. Girocredit Bank*, 1994 WL 48835, *1 (S.D.N.Y. Feb. 14, 1994) ............. 10

*Dorothy K. Winston & Co. v. Town Heights Development Inc.*, 376 F.Supp. 1214 (D.C.D.C. 1974) .................................................................. 6

*Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*, 658 F. Supp. 528 (D.D.C. 1987) ........................................................................ 9

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983) ......................... 5, 10

*La-Bounty v. Adler*, 933 F.2d 121 (N.Y. 1991) ...................................... 4

*Lada v. Wilkie*, 250 F.2d 211 (C.A.N.D. 1957) ..................................... 11

*Rennie & Laughlin, Inc. v. Chrysler Corp*, 242 F.2d 208 (C.A.Cal. 1957) .......... 11

*Smith v. Cushman Motor Works*, 8 F.R.D. 221 (D.C.Neb. 1948) ................... 10

*Speed Auto Sales, Inc. v. American Motors Corp*, 477 F. Supp. 1193 (D.C.N.Y. 1979.) ................................................................ 10

*Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962) .................. 10

## STATE CASES

*Bank v. Rebold*, 69 A.D.2d 481, 419 N.Y.S.2d 135 (2d Dept. 1979) ............... 7

*Ford v. Unity Hospital*, 32 N.Y.2d 464, 473 (1973) ............................. 8

*Foster v. Churchill*, 87 N.Y.2d 744 (1966) ..................................... 9

*NBT Bancorp v. Fleet/Norstar*, 87 N.Y.2d 614 (1996) ............................ 9

*Parlato v. Equitable Life Assurance Society of the United States*, 299 A.D.2d 108,
    749 N.Y.S.2d 216 (1st Dept. 2002) ........................................ 7

*Wen Kroy v. Public National Bank & Trust Co. of N.Y.*, 260 N.Y. 84, 92-93 (1933)) ... 7


## STATUTES

28 U.S.C. § 1441(a) ............................................................. 2

*Restatement (Second) Contracts* ................................................. 5

*Restatement (Second) Agency §27* ................................................ 8

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS</u>**

Plaintiff PRIME 4 VENTURES, INC., ("Plaintiff"), by and through its attorneys, Cobert, Haber & Haber, respectfully submit this memorandum of law in opposition to the defendant RED BULL, INC's ("Red Bull") motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint of plaintiff in its entirety as asserted against Red Bull for failure to state any claim upon which relief may be granted.

**<u>PROCEDURAL BACKGROUND</u>**

Plaintiff filed this action on or about June 8, 2007, in New York State Supreme Court, New York County, under Index #108075/07. After Red Bull was served, on August 1, 2007, the case was timely removed by Red Bull's petition to this Court, pursuant to 28 U.S.C. § 1441(a). Defendant Creative Concepts of America, Inc. ("Creative Concepts"), although served, has not appeared. Defendant Red Bull made a motion to dismiss before interposing its Answer and plaintiff sought leave to file the Amended Complaint. The Court granted Red Bull's motion to dismiss and plaintiff's request for leave to amend. The plaintiff filed an Amended Complaint on October 19, 2007. Thereafter, defendant Red Bull made a motion to dismiss plaintiff's Amended Complaint. The plaintiff opposes said motion to dismiss.

## PRELIMINARY STATEMENT

Plaintiff brought this action against Red Bull and Creative Concepts alleging three separate causes of action. The First Cause of Action is for breach of contract against defendant Creative Concepts; the Second Cause of Action is grounded in tort for misrepresentation against Red Bull based upon the fact that its statement to plaintiff that Creative Concepts was authorized to sell distribution rights with exclusive territories when in fact those territories had been sold to others; the Third Cause of Action is against Red Bull for tortious interference with the contract between plaintiff and Creative Concepts.

The underlying facts are as follows: Plaintiff sought to market the Red Bull Energy Drink and contacted defendant Red Bull so as to inquire as to the details of how such can be accomplished. Upon reaching a representative of Red Bull at their home office in California, they were told to contact Creative Concepts in Florida who was authorized by Red Bull to market the energy drink and vending machines. Apparently, Creative Concepts entered into an agreement with Red Bull to sell or market Red Bull vending machines to distributors in New York. Plaintiff thereafter entered into an agreement with Creative Concepts, pursuant to which Creative Concepts agreed to give Plaintiff sole and exclusive rights to distribute Red Bull vending machines in the Borough of Manhattan. In addition, it was also to be a distributor in the boroughs of Brooklyn and Bronx and the counties of Nassau, Suffolk, Queens and Richmond, although in those

areas it would not be exclusive. In accordance with such agreement, the plaintiff paid to Creative Concepts the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks.

Thereafter, the plaintiff accepted delivery of fifty (50) vending machines, but soon discovered that there were other parties that defendant Creative Concepts had contracted with to sell the Red Bull product in the County of New York, where plaintiff was to have sole distribution rights. That the acts of both defendants Red Bull and Creative Concepts breached the contract between the plaintiff and Creative Concepts.

Defendant Red Bull knew that defendant Creative Concepts was giving an exclusive distributorship to the plaintiff in the County of New York and the acts of Red Bull in permitting the sale of its product by others when it knew its agent had entered into an agreement for exclusive distributorship of said product by plaintiff constitutes tortious interference with business opportunity, a *prima facie* tort.

## ARGUMENT

In evaluating an amended complaint for sufficiency, the Court of Appeals must accept facts pleaded as true and construe them in light favorable to plaintiffs. The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is low. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983), *see also La-Bounty v. Adler*, 933 F.2d 121 (N.Y. 1991).

While the facts of the case at hand are important at this stage in the action, the pleadings itself are the focus of a motion to dismiss. Since filing the Amended Complaint on October 19, 2007, the plaintiff has amplified its claims with more factual allegations to render the claims plausible. *See Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275, 2 (S.D.N.Y. Jul. 27, 2007). The plaintiff has raised factual allegations sufficient to raise a right to relief above the speculative level. *See ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007.)

The plaintiff has sufficiently pled three causes of action: 1) breach of contract against defendant Creative Concepts; 2) misrepresentation through the apparent authority of defendant Red Bull; and 3) tortious interference with a contract against defendant Red Bull.

A breach of contract is the failure, without any legal excuse, to perform any promise that forms the whole or part of a contract. The breach may be total or just partial and the breach by one party entitles the other to damages. The elements for breach of contract are the existence of a valid contract, the reliance on the contract, the breach by one party, and damages. *See Restatement (Second) Contracts.*

In the case at hand, the first cause of action for breach of contract was sufficiently plead. As stated in the Amended Complaint beginning in paragraph 9, the plaintiff entered into a written agreement on November 22, 2005, with defendant Creative Concepts which provided in part that defendant Creative Concepts would be given the

right to assist defendant Red Bull in marketing its product through vending machines in the State of New York. The written agreement provided that defendant Creative Concepts would sell vending machines to the plaintiff exclusively for the distribution and sale of Red Bull products, and in addition, this plaintiff would be the sole distributor for the said products in the Borough of Manhattan. In accordance with the agreement, the plaintiff paid to the defendant Creative Concepts, the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks. That plaintiff had the sole distribution rights in the Borough of Manhattan was a material part of the agreement between the plaintiff and defendant Creative Concepts and the plaintiff relied on this provision of the agreement and would not have entered into said agreement without this provision. Thereafter, the plaintiff accepted delivery of the vending machines but soon discovered that there were other parties that defendant Creative Concepts contracted with to sell Red Bull in the Borough of Manhattan, where the plaintiff was to have sole distribution rights. The acts of the defendant Creative Concepts was a material breach of the written agreement of November 22, 2005 between the plaintiff and the defendant Creative Concepts. A plaintiff need not allege every element of a binding contract in order to defeat a motion to dismiss for failure to state a claim upon which relief may be granted, *see Dorothy K. Winston & Co. v. Town Heights Development, Inc.* 376 F.Supp. 1214 (D.C.D.C. 1974), however, the plaintiff did indeed plead every element of a binding contract in its Amended Complaint.

The second cause of action against defendant Red Bull is that through its apparent authority as a principal, defendant Red Bull placed defendant Creative Concepts, as the agent, in such a position that the plaintiff reasonably believed defendant Creative Concepts was acting within its authority and that the plaintiff reasonably relied on defendant Creative Concept's acts and representations. Apparent authority is an equitable concept. That is, as between a principal and an innocent third party who relies on the agent's apparent authority, the principal will be bound if he created the appearance of the agent's authority. Moreover, to invoke the doctrine of apparent authority, the harm incurred by the injured party must have been caused by the one appearing to be the agent. *See Bank v. Rebold*, 69 A.D.2d 481, 419 N.Y.S.2d 135 (2d Dept. 1979.) If a principal places his agent in such a position that a person of ordinary prudence is led to believe that the agent has authority to perform a particular act, the principal is estopped from denying the agent's authority to do that act upon which a third party has relied to his damage. *See Parlato v. Equitable Life Assurance Society of the United States*, 299 A.D.2d 108, 749 N.Y.S.2d 216 (1st Dept. 2002.) The elements of apparent authority are not only must there be a manifestation by the alleged principal to the third party as to the existence of the agent's apparent authority, the third party must also reasonably rely upon those representations to his detriment in order for the agent's acts to bind the alleged principal. *See Blackman v. Hustler Magazine, Inc.*, 620 F.Supp. 1501 (D.D.C. 1984); *see also Bank*, 69 A.D.2d 481. Moreover, a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable. *See Wen Kroy v. Public National Bank & Trust Co. of N.Y.*, 260 N.Y. 84, 92-93 (1933.) There must also

-7-

be a factual showing that the third party relied upon the representation of the agent due to some misleading conduct on the part of the principal. *See Ford v. Unity Hospital*, 32 N.Y.2d 464, 473 (1973); *see also Restatement (Second) Agency §27*.

Again, the plaintiff sufficiently plead this second cause of action in its Amended Complaint. There was a manifestation by the alleged principal, defendant Red Bull's employee "Lawrence," to the third party, the plaintiff, as to the existence of the agent, defendant Creative Concept's apparent authority when "Lawrence" stated to the plaintiff that defendant Creative Concepts had acquired the right to sell the Red Bull vending machines and distribution rights of Red Bull products from defendant Red Bull, and that the plaintiff had to buy the machines and products from defendant Creative Concepts. These representations by defendant Red Bull placed the plaintiff in a position that the plaintiff reasonably relied upon those representations by defendant Red Bull that defendant Creative Concepts was acting within its authority and defendant Creative Concept's acts bound the alleged principal, defendant Red Bull. Defendant Red Bull's acts and representations manifested the existence of defendant Creative Concept's apparent authority. Therefore, the plaintiff reasonably relied upon the representations of the agent defendant Creative Concepts to its detriment due to the misleading conduct on the part of the principal, defendant Red Bull.

Lastly, the plaintiff sufficiently plead a cause of action for tortious interference with a business opportunity. This cause of action does not require an existing enforceable contract, but requires wrongful, improper, illegal, or independently tortious means to

defeat another's future business opportunity. *See Foster v. Churchill*, 87 N.Y.2d 744 (1966); *see also NBT Bancorp v. Fleet/Norstar*, 87 N.Y.2d 614 (1996).

Defendant Creative Concepts did enter into a written, valid, enforceable contract with plaintiff. The defendant Red Bull knew of the contract between plaintiff and defendant Creative Concepts, as "Lawrence" from defendant Red Bull notified plaintiff that defendant Creative Concepts had acquired the right to sell the Red Bull vending machines and distribution rights of Red Bull products from Red Bull and that plaintiff had to buy the machines and product from defendant Creative Concepts. Defendant Red Bull also knew that defendant Creative Concepts was giving the plaintiff an exclusive distributorship to the plaintiff for the Borough of Manhattan. Defendant Red Bull permit the sale of its product by others when it knew its agent defendant Creative Concepts had entered into an agreement for an exclusive distributorship of the Red Bull product by the plaintiff. The acts of defendant Red Bull caused the breach of the contract between plaintiff and defendant Creative Concepts and damages resulted from said breach. The plaintiff's future business opportunity was defeated.

A motion to dismiss a complaint on the basis that the plaintiff failed to allege facts sufficient to establish liability for breach of contract on the part of the defendant was moot, where the plaintiff amended its complaint to add necessary allegations. *See Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*, 658 F. Supp. 528 (D.D.C. 1987). It is quite clear, in the case at hand, that the plaintiff has sufficiently plead and alleged facts sufficient to establish  that the causes of action. An amended complaint should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief

under any set of facts which could be proved in support of his claim. *See Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962). Where the complaint in an action for breach of contract alleged requisite jurisdictional facts and was sufficient to permit proof thereunder of all facts essential to plaintiff's right to relief, the complaint was not dismissible for insufficiency of statement. *See Smith v. Cushman Motor Works*, 8 F.R.D. 221 (D.C.Neb. 1948.)

Furthermore, the issue to be decided on motion to dismiss for failure to state a claim is not whether plaintiff will ultimately prevail in the action, but whether it is entitled to proceed with discovery and offer evidence in support of its claim. *See Speed Auto Sales, Inc. v. American Motors Corp*, 477 F. Supp. 1193 (D.C.N.Y. 1979.) Clearly, the proposed Amended Complaint entitles the plaintiff to proceed with discovery and to offer evidence in support of its claim. While bald assertions and conclusions of law will not suffice in a complaint, in considering the sufficiency of the Amended Complaint, the Court "may consider documents incorporated into the complaint by reference and information that can be judicially noticed." *See Abdelhamid*, 2007 WL 2186275, *2 (S.D.N.Y. Jul. 27, 2007); *see also Curti v. Girocredit Bank*, 1994 WL 48835, *1 (S.D.N.Y. Feb. 14, 1994.) The plaintiff has attached documents and proof to the Amended Complaint which the court may consider. It is clear that the plaintiff communicated with employees of Red Bull North America. It is clear from the defendant's motion that a contract indeed existed between Red Bull and Creative Concepts. A contract also exists between Creative Concepts and the plaintiff.

Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are viewed with disfavor in federal courts because of possible waste of time in case of reversal of a dismissal of the action, and because the primary objective of the law is to obtain a determination on the merits of any claim, and therefore a case should be tried on the proofs rather than the pleadings. *See Rennie & Laughlin, Inc. v. Chrysler Corp*, 242 F.2d 208 (C.A.Cal. 1957).

On a motion to dismiss a complaint for failure to allege performance of conditions precedent, the question was not whether all of the relief asked for by plaintiffs could be granted but whether, under any state of facts which might be established at a trial in support of the claim stated in the complaint, they could be accorded any relief. *See Lada v. Wilkie*, 250 F.2d 211 (C.A.N.D. 1957.)

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court deny the defendant Red Bull's motion to dismiss the Amended Complaint of plaintiff in its entirety as asserted against Red Bull for failure to state any claim upon which relief may be granted, and to enter any such further or additional relief as the Court deems just and proper.

Dated: Garden City, New York
November 29, 2007

COBERT, HABER & HABER

By: _____
Eugene F. Haber [EH5021]
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844
*Attorneys for Plaintiff Prime 4 Ventures, Inc.*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PRIME 4 VENTURES, INC.

                      Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.
                      Defendants.
-----------------------------------------------------------X

Civil Action No.
07 CV 6912 (LAK) (MHD)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
COUNTY OF NASSAU ) ss.:

    ANGELA CORSO, being duly sworn, deposes and says:

    Deponent is not a party to the action, is over the age of 18, and resides at Hempstead, New York.

    On **November 30, 2007** deponent served a copy of the within AFFIDAVIT OF EUGENE F. HABER AND PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS by depositing same, securely enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Sonnenschein Nath & Rosenthal, LLP
Attorneys for Defendant
RED BULL OF NORTH AMERICA, INC.
1221 Avenue of the Americas
New York, NY 10020-1089
(212) 768-6700

CREATIVE CONCEPTS OF AMERICA, INC.
Defendants *pro se*
4300 N. University Drive, A-106
Ft. Lauderdale, FL 33351

_____
ANGELA CORSO

Sworn to before me this
30th day of November, 2007

_____
Notary Public
MELANIE I. WIENER
Notary Public, State of New York
No.01WI6165791
Qualified in Nassau County
Commission Expires May 14, 2011

Civil Action No. 07 CV 6912 (LAK) (MHD)

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

---

PRIME 4 VENTURES, INC.,

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC. and RED BULL OF NORTH AMERICA, INC.,

Defendants.

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

**COBERT, HABER & HABER**
*Attorneys for* Plaintiff
1050 Franklin Avenue, Suite 507
Garden City, NY 11530
(516) 248-7844

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

Dated: Garden City, N.Y.
November 30, 2007                              _____

---

*Service of a copy of the within*                                                *is hereby admitted.*

Dated: Garden City, N.Y.
November 30, 2007
                                       _____
                                              *Attorney(s) for*

---

PLEASE TAKE NOTICE:

NOTICE OF ENTRY

____ *That the within is a (certified) true copy of a*     *entered in the office of the Clerk of the within-named Court on*

NOTICE OF SETTLEMENT

____ *That an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within-named Court on*

Dated: Garden City, N.Y.
November 30, 2007

                                       **COBERT, HABER & HABER**
                                       *Attorneys for* Plaintiff
                                       1050 Franklin Avenue - Suite 507
                                       Garden City, NY 11530

To:
*Attorney(s) for*