UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

PRIME 4 VENTURES, INC.

Civil Action No.
07 CV 6912 (LAK) (MHD)

Plaintiff,

-against-

CREATIVE CONCEPTS OF AMERICA, INC.
and RED BULL OF NORTH AMERICA, INC.

Defendants.
--------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS
MOTION TO RECONSIDER**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT AND STATEMENT OF FACTS . . . . . . . . . . . . . . . . . 3

NEWLY DISCOVERED EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Leimer v. State Mut. Life Assur. Co. Of Worcester, Mass.*
   108 F.2d 302 (C.C.A. Mo. 1940) ..................................... 5, 8

*Briggs v. Sterner*, 529 F.Supp. 1155 (D.C.Iowa 1981) ........................... 5

*News Inc. V. Newspaper and Mail Deliverers' Union of New York*,
   139 F.R.D. 294 (S.D.N.Y. 1991) ..................................... 8

*Quevedo v. Postmaster, U.S. Postal Service*, 774 F.Supp. 837 (S.D.N.Y. 1991) ....... 9

*Reed v. York*, (E.D.Mo. 2005) ............................................... 9

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness
   Development Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983) .................... 9

*La-Bounty v. Adler*, 933 F.2d 121 (N.Y. 1991) ................................. 9

*Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962) ............... 9, 16

*Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275,
   2 (S.D.N.Y. Jul. 27, 2007) ......................................... 10

*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ............. 10

*Dorothy K. Winston & Co. v. Town Heights Development, Inc.*
   376 F.Supp. 1214 (D.C.D.C. 1974) ..................................... 12

*Blackman v. Hustler Magazine, Inc.*, 620 F.Supp. 1501 (D.D.C. 1984) ............ 13

*Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*,
   658 F. Supp. 528 (D.D.C. 1987) ....................................... 16

*Smith v. Cushman Motor Works*, 8 F.R.D. 221 (D.C.Neb. 1948) .................. 17

*Speed Auto Sales, Inc. v. American Motors Corp,*
477 F. Supp. 1193 (D.C.N.Y. 1979.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Lada v. Wilkie,* 250 F.2d 211 (C.A.N.D. 1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## STATE CASES

*Bank v. Rebold,* 69 A.D.2d 481, 419 N.Y.S.2d 135 (2d Dept. 1979) . . . . . . . . . . . . . . 13

*Parlato v. Equitable Life Assurance Society of the United States,*
299 A.D.2d 108, 749 N.Y.S.2d 216 (1st Dept. 2002) . . . . . . . . . . . . . . . . . . . . . 13

*Wen Kroy v. Public National Bank & Trust Co. of N.Y.,*
260 N.Y. 84, 92-93 (1933) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ford v. Unity Hospital,* 32 N.Y.2d 464, 473 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Foster v. Churchill,* 87 N.Y.2d 744 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*NBT Bancorp v. Fleet/Norstar,* 87 N.Y.2d 614 (1996) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Standard Funding Corp. V. Lewitt,* 89 N.Y.2d 546, 551 (1997) . . . . . . . . . . . . . . . . . . 17

## STATUTES

28 U.S.C. § 1441(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 60(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

Fed. R. Civ. P. 60(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

Fed. R. Civ. P. 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## RESTATEMENTS

Restatement (Second) Agency §27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS
## MOTION TO RECONSIDER

Plaintiff PRIME 4 VENTURES, INC., ("Plaintiff"), by and through its attorneys, Cobert, Haber & Haber, respectfully submit this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 60(b)(2) and (b)(6), to reconsider the Order of the Honorable Lewis A. Kaplan dated March 3, 2008, which granted the defendant RED BULL OF NORTH AMERICA, INC.'s (hereinafter referred to as Red Bull) motion to dismiss the Amended Complaint of plaintiff in its entirety.

### PROCEDURAL BACKGROUND

Plaintiff filed this action on or about June 8, 2007, in New York State Supreme Court, New York County, under Index #108075/07. After Red Bull was served, on August 1, 2007, the case was timely removed by Red Bull's petition to this Court, pursuant to 28 U.S.C. § 1441(a). Defendant Creative Concepts of America, Inc. ("Creative Concepts"), although served, has not appeared. Affidavits of Service for service on both parties were filed in New York State Supreme Court, New York County, prior to the removal of the case to Federal Court. Copies of both Affidavits of Service are attached to the within Affidavit as **Exhibit "D."** Defendant Red Bull made a motion to dismiss before interposing its Answer and plaintiff sought leave to file the Amended Complaint. The Court granted Red Bull's motion to dismiss and plaintiff's request for leave to amend. The plaintiff then filed an Amended Complaint on October 19, 2007.

-2-

Thereafter, defendant Red Bull made a motion to dismiss plaintiff's Amended Complaint. The Court granted the defendant Red Bull's motion to dismiss on March 3, 2008, without oral argument. The plaintiff requests that the Court reconsider its Order of March 3, 2008 and respectfully requests oral argument.

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Plaintiff brought this action against Red Bull and Creative Concepts alleging three separate causes of action. The First Cause of Action is for breach of contract against defendant Creative Concepts; the Second Cause of Action is grounded in tort for misrepresentation against Red Bull based upon the fact that its statements to plaintiff and actions that Creative Concepts was authorized to sell distribution rights with exclusive territories when in fact those territories had been sold to others; the Third Cause of Action is against Red Bull for tortious interference with the contract between plaintiff and Creative Concepts.

The detailed facts of the case are laid out in the attached Affidavit of Irakly Tanurishvili, the president of Prime 4 Ventures, Inc. However, the relevant underlying facts are as follows: Plaintiff sought to market the Red Bull Energy Drink and contacted defendant Red Bull so as to inquire as to the details of how such can be accomplished. Upon reaching a representative of Red Bull at their home office in California, they were told to contact Creative Concepts in Florida who was authorized by Red Bull to market the energy drink and vending machines. Plaintiff was told by the Red Bull representative

-3-

that the plaintiff could not buy the Red Bull Energy drink or any Red Bull vending machines directly through Red Bull and the plaintiff's only option was to contact Creative Concepts. Creative Concepts entered into an agreement with Red Bull to sell or market Red Bull vending machines to distributors in New York. Plaintiff thereafter entered into an agreement with Creative Concepts, pursuant to which Creative Concepts agreed to give Plaintiff sole and exclusive rights to distribute Red Bull vending machines in the Borough of Manhattan. In addition, it was also to be a distributor in the boroughs of Brooklyn and Bronx and the counties of Nassau, Suffolk, Queens and Richmond, although in those areas it would not be exclusive. In accordance with such agreement, the plaintiff paid to Creative Concepts the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks.

Thereafter, the plaintiff accepted delivery of fifty (50) vending machines, but soon discovered that there were other parties that defendant Creative Concepts had contracted with to sell the Red Bull product in the County of New York, where plaintiff was to have sole distribution rights. The acts of both defendants Red Bull and Creative Concepts breached the contract between the plaintiff and Creative Concepts.

Defendant Red Bull knew that defendant Creative Concepts was giving an exclusive distributorship to the plaintiff in the County of New York and the acts of Red Bull in permitting the sale of its product by others when it knew its agent had entered into

an agreement for exclusive distributorship of said product by plaintiff constitutes tortious interference with business opportunity, a *prima facie* tort.

## NEWLY DISCOVERED EVIDENCE

Sometime in late 2006, the plaintiff was contacted by Red Bull directly and Red Bull offered to buy back 25 out of the 50 machines for $1,700.00 each, approximately $42,500.00 total, which is approximately less than a third of the monies that plaintiff paid to Creative Concepts, thereby admitting liability for the acts of Creative Concepts. The plaintiff accepted said sum in exchange for the return of the 25 vending machines that defendant Creative Concepts had sold to the plaintiff. The plaintiff did not allege these facts in its original opposition papers to the defendant Red Bull's motion to dismiss, as the plaintiff only needed to address the sufficiency of the elements of the pleadings rather than go into the detailed facts of the case. *See Leimer v. State Mut. Life Assur. Co. Of Worcester, Mass.* 108 F.2d 302 (C.C.A. Mo. 1940). Fact pleading is not required in federal courts but a plaintiff must, at a minimum, show the prima facie elements of his claim in order to avoid a dismissal for failure to state a claim. *See Briggs v. Sterner*, 529 F.Supp. 1155 (D.C.Iowa 1981).

However, since the defendant Red Bull's motion to dismiss was marked submitted on December 2007, there has been newly discovered evidence. In late 2007, after the plaintiffs submitted their opposition to defendant Red Bull's motion to dismiss, the plaintiffs talked to Michael Coleman, Red Bull's distribution manager for the tri-state

area. Mr. Coleman told the plaintiffs that approximately 2 years earlier, Red Bull discovered Creative Concepts had illegally placed vending machines with the Red Bull logo on it throughout the tri-state area without Red Bull's permission. When Red Bull discovered these machines, Red Bull decided that instead of suing Creative Concepts for fraud and going through litigation, Red Bull would enter into a business agreement with Creative Concepts, wherein Red Bull would receive certain monies from the profits derived from the Creative Concepts' machines. Red Bull was aware of Creative Concepts' contracts with Red Bull's customers and Red Bull then became aware of Creative Concepts' fraudulent and illegal behavior. Instead of Red Bull ceasing to do business with Creative Concepts, Red Bull ratified Creative Concepts' actions and did not warn other Red Bull customers of Creative Concepts' fraudulent behavior. It is necessary for the plaintiffs to discover the contract between defendants Red Bull and Creative Concepts regarding these specific Red Bull machines to see the terms of the agreement and to examine the relationship between defendants Red Bull and Creative Concepts at this point in time.

Furthermore, on January 16, 2008, the plaintiff, as a Creative Concepts of America, Inc. operator, received an offer by email from Red Bull. A copy of said email with its printed attachments is attached to Eugene F. Haber's Affidavit as **Exhibit "C."** The letter reads in part as follows:

"Dear Creative Concepts Operator,
Red Bull North America, Inc. ("Red Bull") has implemented a program to
purchase from Creative Concepts Vending Machine Operators ("Operators") new
and "like-new" Red Bull Royal Vending Machines that operators purchased from
Creative Concepts of America, Inc. ("CCA") to sell Red Bull® brand energy
drink. This program is for those Operators who are dissatisfied with their
relationship with CCA and desire to exit the business of selling Red Bull® brand
energy drink through vending machines. . .

We at Red Bull regret any difficulty you have encountered in your business
dealings with CCA and appreciate your support for the Red Bull® brand.
Best Regards,
Red Bull Vending"

It is clear from the language above that the defendant Red Bull was aware of the

fraudulent actions of defendant Creative Concepts and at this point in time became

dissatisfied with defendant Creative Concepts. The defendant Red Bull was clearly aware

that the defendant Creative Concepts had entered into other contracts with other

Operators, those contracts had been breached, and Red Bull finally decided to do

something about it by writing this letter to the Operators, including the plaintiff.

Defendant Red Bull's letter intimates some contractual relationship between defendant

Red Bull and defendant Creative Concepts, a contractual relationship that goes beyond

the 4-corners of the express contract between defendants Red Bull and Creative Concepts.

While this relationship may not have been an express agency relationship, as the contract

between the two defendants expressly negated any such relationship, an apparent

authority agency relationship existed between the two defendants. In addition, Michael

Coleman told the plaintiffs that defendant Red Bull entered into a contract with defendant

Creative Concepts, outside of the express contract. This newly discovered evidence is a

fundamental premise to the plaintiff's claim.

Furthermore, attached to the defendant Red Bull's moving papers, was an almost illegible copy of the contract between defendants Red Bull and Creative Concepts. A copy of same is attached to Eugene F. Haber's Affidavit as **Exhibit "E."** There are sections that are redacted and the copy is hard to read. However, Section 2.3 states:

> "Purchaser (Creative Concepts) will submit all of Purchaser's intended promotional communication to customers or potential customers to Red Bull for review and approval. Purchaser will not issue promotion communications without Red Bull's prior written approval."

This section presents a critical fact issue in that it shows that defendant Creative Concepts was required by contract to submit its communications to potential customers to Red Bull for review and written approval. Defendant Red Bull was overseeing defendant Creative Concepts' actions and this creates the fundamental agency relationship between defendants Creative Concepts and Red Bull. The Court had this crucial information before it when it made its decision of March 3, 2008, as the contract was attached to the defendant Red Bull's moving papers. Once again, the plaintiff did not point out these facts in its original opposition papers to the defendant Red Bull's motion to dismiss, as the plaintiff only needed to address the sufficiency of the elements of the pleadings rather than go into the detailed facts of the case. *See Leimer*, 108 F.2d 302.

## ARGUMENT

Fed. R. Civ. P. 60(b)(6), relating to relief from final judgment, order or ruling, can be used as a vehicle for a motion for reconsideration of final order, on the grounds of judicial error. *See News Inc. V. Newspaper and Mail Deliverers' Union of New York*, 139 F.R.D. 294 (S.D.N.Y. 1991). The District Court may exercise its discretionary power to grant party relief from final judgment or order for any reason justifying relief whenever it

is appropriate to accomplish justice. *See Quevedo v. Postmaster, U.S. Postal Service*, 774

F.Supp. 837 (S.D.N.Y. 1991). "A "motion to reconsider" is not explicitly contemplated

by the Federal Rules of Civil Procedure ("FRCP"). Typically, courts construe a motion to

reconsider as a motion to alter or amend judgment under FRCP 59(e) or as a motion for

relief from a final judgment, order or proceeding under FRCP 60(b)." *See Reed v. York*,

(E.D.Mo. 2005) decision of Judge E. Richard Webber. The plaintiff therefore requests

that the Court reconsider its final order, together with the newly discovered evidence, to

prevent injustice to the plaintiff.

Plaintiff first contends that the Court reached a decision on the merits of the case,

rather than evaluating the plaintiff's amended complaint for the sufficiency of pleading

the elements of the causes of action. The facts of the case have not even been fully

disclosed at this point in the litigation due to the hold that has been put on the discovery

due to the motion practice. Yet, the Court made a decision on the merits of the case as

opposed to evaluating the sufficiency of the pleadings. In evaluating an amended

complaint for sufficiency, the Court of Appeals must accept facts pleaded as true and

construe them in light favorable to plaintiffs. The threshold of sufficiency that a

complaint must meet to survive a motion to dismiss for failure to state a claim is low. *See*

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development*

*Corp., S.A.*, 711 F.2d 989 (C.A.Fla. 1983), *see also La-Bounty v. Adler*, 933 F.2d 121

(N.Y. 1991). An amended complaint should not be dismissed unless it appears to a

certainty that plaintiff is entitled to no relief under any set of facts which could be proved

in support of his claim. *See Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill.

1962). It does not appear to a certainty that the plaintiff in the case at hand is not entitled to relief under any set of facts. The pleadings itself and elements of the causes of action are the focus of a motion to dismiss. Since filing the Amended Complaint on October 19, 2007, the plaintiff has amplified its claims with more factual allegations to render the claims plausible. *See Abdelhamid v. Altria Group, Inc.*, — F. Supp.2d —, 2007 WL 2186275, 2 (S.D.N.Y. Jul. 27, 2007). The plaintiff has raised factual allegations sufficient to raise a right to relief above the speculative level. *See ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007.)

It is respectfully contended that the Court should have allowed the parties to engage in oral arguments prior to his decision on the merits, as opposed to the sufficiency of the elements of the pleadings. Page 3 of Judge Kaplan's rules, attached to Eugene F. Haber's Affidavit as **Exhibit "F"**, states that:

> "After answering papers are received, the Court will notify counsel of the time and place for oral argument if the Court regards oral argument as likely to be helpful. The Court will have reviewed the papers prior to argument."

Oral arguments were not held in the within case and a decision was made by Judge Kaplan based on an insufficient record.

The Court also improperly infers that the plaintiff has made up a story by referring to the plaintiff's allegations and pleadings as a "telling of the tale" in the Conclusion of his order. A copy of the Court's Order is attached to the Affidavit of Eugene F. Haber as **Exhibit "G."** Such inference indicates the plaintiff is fabricating a story when that is not the case. The Court has assumed facts not in evidence by stating the plaintiff is "responsible for its own predicament" and that:

"[i]t is difficult to imagine how it (the plaintiff) entered into a $150,000 transaction in reliance on an assurance that it would have exclusive rights to Manhattan without either (a) spelling out what that meant - i.e., whether it meant that CCA alone would be precluded to selling to others in Manhattan or instead that CCA, Red Bull and anyone else in the chain of distribution would be so limited, or (b) engaging in basic due diligence to ensure that it got what it thought it was paying for."

The Court would not have to "imagine" anything if the case was allowed to proceed to discovery and a record could be developed. It has not been brought out whether or not the plaintiff and defendant Creative Concepts did indeed spell out the terms of exclusivity or whether the plaintiff engaged in basic due diligence. Yet, the Court assumes that the plaintiff did not spell out the terms of exclusivity or engage in basic due diligence. The parties should be deposed in order to discover these facts that the Court, in its decision, assumed did not occur.

However, the plaintiff still contends that it has sufficiently pled three causes of action: 1) breach of contract against defendant Creative Concepts; 2) misrepresentation through the apparent authority of defendant Red Bull; and 3) tortious interference with a contract against defendant Red Bull.

As stated in the Amended Complaint beginning in paragraph 9, the plaintiff entered into a written agreement on November 22, 2005, with defendant Creative Concepts which provided in part that defendant Creative Concepts would be given the right to assist defendant Red Bull in marketing its product through vending machines in the State of New York. The written agreement provided that defendant Creative Concepts would sell vending machines to the plaintiff exclusively for the distribution and sale of Red Bull products, and in addition, this plaintiff would be the sole distributor for

the said products in the Borough of Manhattan. In accordance with the agreement, the plaintiff paid to the defendant Creative Concepts, the sum of $150,745.00 for 50 vending machines and 10,000 energy drinks. That plaintiff had the sole distribution rights in the Borough of Manhattan was a material part of the agreement between the plaintiff and defendant Creative Concepts and the plaintiff relied on this provision of the agreement and would not have entered into said agreement without this provision. Thereafter, the plaintiff accepted delivery of the vending machines but soon discovered that there were other parties that defendant Creative Concepts contracted with to sell Red Bull in the Borough of Manhattan, where the plaintiff was to have sole distribution rights. The acts of the defendant Creative Concepts was a material breach of the written agreement of November 22, 2005 between the plaintiff and the defendant Creative Concepts. A plaintiff need not allege every element of a binding contract in order to defeat a motion to dismiss for failure to state a claim upon which relief may be granted, *see Dorothy K. Winston & Co. v. Town Heights Development, Inc.* 376 F.Supp. 1214 (D.C.D.C. 1974), however, the plaintiff did indeed plead every element of a binding contract in its Amended Complaint.

The second cause of action against defendant Red Bull is that through its apparent authority as a principal, defendant Red Bull placed defendant Creative Concepts, as the agent, in such a position that the plaintiff reasonably believed defendant Creative Concepts was acting within its authority and that the plaintiff reasonably relied on defendant Creative Concept's acts and representations. Apparent authority is an equitable concept. That is, as between a principal and an innocent third party who relies on the

agent's apparent authority, the principal will be bound if he created the appearance of the agent's authority. Moreover, to invoke the doctrine of apparent authority, the harm incurred by the injured party must have been caused by the one appearing to be the agent. *See Bank v. Rebold*, 69 A.D.2d 481, 419 N.Y.S.2d 135 (2d Dept. 1979.) If a principal places his agent in such a position that a person of ordinary prudence is led to believe that the agent has authority to perform a particular act, the principal is estopped from denying the agent's authority to do that act upon which a third party has relied to his damage. *See Parlato v. Equitable Life Assurance Society of the United States*, 299 A.D.2d 108, 749 N.Y.S.2d 216 (1st Dept. 2002.) The elements of apparent authority are not only must there be a manifestation by the alleged principal to the third party as to the existence of the agent's apparent authority, the third party must also reasonably rely upon those representations to his detriment in order for the agent's acts to bind the alleged principal. *See Blackman v. Hustler Magazine, Inc.*, 620 F.Supp. 1501 (D.D.C. 1984); *see also Bank*, 69 A.D.2d 481. Moreover, a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable. *See Wen Kroy v. Public National Bank & Trust Co. of N.Y.*, 260 N.Y. 84, 92-93 (1933.) There must also be a factual showing that the third party relied upon the representation of the agent due to some misleading conduct on the part of the principal. *See Ford v. Unity Hospital*, 32 N.Y.2d 464, 473 (1973); *see also Restatement (Second) Agency §27.*

Again, the plaintiff sufficiently plead this second cause of action in its Amended Complaint. As fully set forth in the attached Affidavit of Irakly Tanurishvili, there was a manifestation by the alleged principals, defendant Red Bull's employee "Lawrence"

(last name unknown) and Jim Murphy the attorney for Red Bull, to the third party, the plaintiff, as to the existence of the agent, defendant Creative Concept's apparent authority. Andrew Kennedy and Charlie Milham of Creative Concepts, "Lawrence" and Jim Murphy from Red Bull, and Bob Bartels of Royal Vendors, all stated to the plaintiff that defendant Creative Concepts had acquired the right to sell the Red Bull vending machines and distribution rights of Red Bull products from defendant Red Bull, and that the plaintiff had to buy the machines and products from defendant Creative Concepts. These representations by defendant Red Bull placed the plaintiff in a position that the plaintiff reasonably relied upon those representations by defendant Red Bull that defendant Creative Concepts was acting within its authority and defendant Creative Concept's acts bound the alleged principal, defendant Red Bull. Defendant Red Bull's acts and representations manifested the existence of defendant Creative Concept's apparent authority. Therefore, the plaintiff reasonably relied upon the representations of the agent defendant Creative Concepts to its detriment due to the misleading conduct on the part of the principal, defendant Red Bull.

Furthermore, the newly discovered evidence attached hereto, certainly creates apparent authority agency relationship between defendants Red Bull and Creative Concepts. Defendant Red Bull granted authority to defendant Creative Concepts to deal and enter into contracts with Red Bull customers and defendant Red Bull was therefore aware of defendant Creative Concept's actions and contracts. Defendant Red Bull would not have sent the attached offers to defendant Creative Concept's customers if defendant Red Bull did not know with whom defendant Creative Concepts had entered into

contracts. The plaintiffs even talked to Michael Coleman, a distribution manager for Red

Bull, who stated that when Red Bull discovered Creative Concepts' fraudulent behavior,

Red Bull decided that instead of suing Creative Concepts for fraud and going through

litigation, Red Bull would enter into a business agreement with Creative Concepts. Red

Bull was clearly aware of Creative Concepts' contracts with Red Bull's customers and

Red Bull then became aware of Creative Concepts' fraudulent and illegal behavior.

Instead of Red Bull ceasing to do business with Creative Concepts, Red Bull ratified

Creative Concepts' actions and did not warn other Red Bull customers of Creative

Concepts' fraudulent behavior.   Even if there was not a written agency relationship

between the two defendants, Red Bull's acts and representations created an apparent

authority. This newly discovered evidence cannot be ignored.

Lastly, the plaintiff sufficiently pled a cause of action for tortious interference with

a business opportunity.  This cause of action does not require an existing enforceable

contract, but requires wrongful, improper, illegal, or independently tortious means to

defeat another's future business opportunity. *See Foster v. Churchill*, 87 N.Y.2d 744

(1966); *see also NBT Bancorp v. Fleet/Norstar*, 87 N.Y.2d 614 (1996).

Defendant Creative Concepts did enter into a written, valid, enforceable contract

with plaintiff. The defendant Red Bull knew of the contract between plaintiff and

defendant Creative Concepts, as Andrew Kennedy and Charlie Milham of Creative

Concepts, "Lawrence" and Jim Murphy from Red Bull, and Bob Bartels of Royal

Vendors, notified plaintiff that defendant Creative Concepts had acquired the right to sell

the Red Bull vending machines and distribution rights of Red Bull products from Red

Bull and that plaintiff had to buy the machines and product from defendant Creative Concepts. If defendant Creative Concepts abided by its contract with defendant Red Bull regarding notifying Red Bull of its potential contracts as provided in the contract attached to Eugene F. Haber's Affidavit as **Exhibit "E,"** then defendant Red Bull knew that defendant Creative Concepts was giving the plaintiff an exclusive distributorship to the plaintiff for the Borough of Manhattan. Defendant Red Bull permit the sale of its product by others when it knew its agent defendant Creative Concepts had entered into an agreement for an exclusive distributorship of the Red Bull product by the plaintiff. The acts of defendant Red Bull caused the breach of the contract between plaintiff and defendant Creative Concepts and damages resulted from said breach. The plaintiff's future business opportunity was defeated.

A motion to dismiss a complaint on the basis that the plaintiff failed to allege facts sufficient to establish liability for breach of contract on the part of the defendant was moot, where the plaintiff amended its complaint to add necessary allegations. *See Gordon-Maizel Const. Co., Inc. v. Leroy Productions, Inc.*, 658 F. Supp. 528 (D.D.C. 1987). It is quite clear, in the case at hand, that the plaintiff has sufficiently plead and alleged facts sufficient to establish that the causes of action. An amended complaint should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts which could be proved in support of his claim. *See Wallingford v. Zenith Radio Corp.*, 310 F.2d 693 (C.A.Ill. 1962). Where the complaint in an action for breach of contract alleged requisite jurisdictional facts and was sufficient to permit proof thereunder of all facts essential to plaintiff's right to relief, the complaint was not

dismissible for insufficiency of statement. *See Smith v. Cushman Motor Works*, 8 F.R.D. 221 (D.C.Neb. 1948.)

The Court states in its decision that the pivotal communication between the plaintiff and Red Bull is insufficient to confer apparent authority on Creative Concepts. However, the issue to be decided on motion to dismiss for failure to state a claim is not whether plaintiff will ultimately prevail in the action, but whether it is entitled to proceed with discovery and offer evidence in support of its claim. *See Speed Auto Sales, Inc. v. American Motors Corp*, 477 F. Supp. 1193 (D.C.N.Y. 1979.) The plaintiff is entitled to proceed with discovery in the within action and to offer evidence in support of its claim. The plaintiff wants to depose "Lawrence" from Red Bull to discover what was communicated to the plaintiff. The putative principal, Red Bull, may have said words or engaged in conduct that gave the appearance that the alleged agent, Creative Concepts, had authority to act in the manner relied upon by the plaintiff. *See Standard Funding Corp. V. Lewitt*, 89 N.Y.2d 546, 551 (1997). The conversation between the plaintiff and "Lawrence" from Red Bull and the newly discovered evidence certainly supports the plaintiff's claim that Red Bull engaged in conduct that gave the appearance that Creative Concepts had the authority to act in the manner relied upon by the plaintiff. The plaintiff would also like to discover whether there were written communications between defendants Red Bull and Creative Concepts regarding Creative Concepts' intended contract with the plaintiff and whether or not defendant Red Bull reviewed said contract and approved it in writing. The plaintiff should be entitled to proceed with this discovery and to offer evidence in support of its claims.

On a motion to dismiss a complaint for failure to allege performance of conditions precedent, the question was not whether all of the relief asked for by plaintiffs could be granted but whether, under any state of facts which might be established at a trial in support of the claim stated in the complaint, they could be accorded any relief. *See Lada v. Wilkie*, 250 F.2d 211 (C.A.N.D. 1957.)

Lastly, in the interest of justice, the plaintiff should be allowed to proceed with its case and conduct discovery. Defendant Red Bull should not be allowed to avoid the consequences of the bad faith behavior of its agent defendant Creative Concepts, when defendant Red Bull was fully aware of the existing contracts.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court grant the plaintiff's motion to reconsider its Order of March 3, 2008 based on the interests of justice and the newly discovered evidence, and to enter any such further or additional relief as the Court deems just and proper.

Dated: Garden City, New York
      March 27, 2008            COBERT, HABER & HABER

           By:    _____

           Eugene F. Haber [EH5021]
           1050 Franklin Avenue, Suite 507
           Garden City, NY 11530
           (516) 248-7844
           *Attorneys for Plaintiff Prime 4 Ventures, Inc.*