UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PRIME 4 VENTURES, INC.,

              Plaintiff,

   -against-                                            07 Civ. 6912 (LAK)

CREATIVE CONCEPTS OF AMERICA, INC., et al.,

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff moves, pursuant to Fed. R. Civ. P. 60(b)(2) and (6), for reconsideration of my order, dated March 3, 2008, which granted the motion of Red Bull of North America, Inc. ("Red Bull") to dismiss the complaint pursuant to Rule 12(b)(6) and dismissed the action without prejudice as against Creative Concepts of America, Inc. ("CCA") for failure to file proof of timely service of process under Fed. R. Civ. P. 4(m). It argues that it has newly discovered evidence and that "the Court reached a decision on the merits of the case, rather than evaluating the plaintiff's amended complaint for the sufficiency of pleading the elements of the causes of action." Pl. Mem. [DI 33] at 9.

        1.    To begin with the obvious, plaintiff does not appear to – and could not – claim that there is any basis for upsetting the order with respect to CCA. The Court simply dismissed the amended complaint as to that defendant on the ground that plaintiff had failed to file proof of service within 120 days of commencement of the action as required by Fed. R. Civ. P. 4(m).

        2.    Second, as even the most cursory reading of the order reveals, the Court dismissed the amended complaint as to Red Bull on the ground that it did not allege facts that, assuming their truth and drawing all reasonable inferences therefrom, would justify a judgment in plaintiff's favor. In other words, it did not, in plaintiff's words, decide the case "on the merits" – it evaluated the complaint for the sufficiency of its allegations.

        The problem with the second claim for relief, which was based on the assertion that Red Bull was responsible for the alleged misdeeds of CCA because it conferred

2

apparent authority on CCA, was that the only alleged communications relied upon to establish apparent authority post-dated CCA's alleged actions. Thus, accepting all of plaintiff's allegations as true, CCA could not have had apparent authority at the time of the actionable conduct. Moreover, to the extent that plaintiff relies upon the assertion that a complaint "should not be dismissed unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts which could be proved in support of his claim" (Pl. Mem. at 9), its reliance is misplaced. The quoted language is a paraphrase of language that appeared in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). But that language was expressly rejected by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1968-70 (2007).

The third claim for relief suffered from two problems, both arising out of the contracts in question, which were properly considered on the Rule 12(b)(6) motion because they effectively were incorporated in the complaint. In each instance, the Court assumed the truth of plaintiff's allegations, but concluded as a matter of law that the language of the contracts foreclosed its claim.

In sum, the Court dismissed the amended complaint for legal insufficiency. It did not base the decision on any factual determinations.[1]

3.  Plaintiff's newly discovered evidence argument is no better.

Civil Rule 60(b)(2) permits relief from a prior order, on application made no more than one year after the order was entered, on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." But Rule 60(b) "allows extraordinary judicial relief, [and] it [may be] invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986). In order to gain relief under Rule 60(b)(2), even assuming timeliness and due diligence, the "movant must demonstrate that . . . the evidence [is] admissible and of such importance that it probably would have changed the outcome." *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001) (quoting *Frankel v. ICD Holdings S.A.,* 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996)).

The first problem with plaintiff's Rule 60(b)(2) argument is that the supposedly newly discovered evidence quite plainly would not have changed the outcome. The problem with the amended complaint was that it did not state a claim upon which relief may be granted. That was true when the order was entered, and it is true today. Additional evidence could not alter that conclusion.

The second difficulty is that plaintiff did not act with due diligence and, in any

---

[1] The Court's observation that plaintiff appeared to have created its own predicament was unnecessary to the result.

case, the evidence relied upon was not "newly discovered." According to plaintiff's papers, it now relies upon a conversation with a Michael Coleman variously described as having occurred in late 2007 and a letter it received from Red Bull on January 16, 2008. Tanurishvili Aff. [DI 31] ¶¶ 9-10; Pl. Mem. [DI 33] at 5-6. There is no showing as to why the Coleman evidence was not discovered earlier. Even more important, all of this evidence was in plaintiff's hands between its discovery in December and early January and March 3, 2008, when the order was entered. In short, even if plaintiff was duly diligent in finding the evidence, the evidence was not "newly discovered" within the meaning of the rule. *E.g., Air España v. O'Brien,* No. 95-CV-1650 (ILG), 1997 WL 803756, at *2 (E.D.N.Y. Nov. 26, 1997) (regulation available to plaintiff while motion pending not "newly discovered"); *Richardson v. Nat'l Rifle Ass'n,* 879 F. Supp. 1, 2 (D. D.C. 1995) (evidence in party's possession prior to decision on summary judgment motion not "newly discovered"); 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2859, at 302-03 (1995) (evidence in possession of party "before the judgment was rendered is not newly discovered and does not entitle the party to relief").

Third, even if the evidence were "newly discovered," even if plaintiff had acted with due diligence, and even if the evidence were pertinent to the allegations that the complaint actually made, it would not have changed anything. The gist of plaintiff's argument is that Coleman admitted that Red Bull discovered in 2007 that CCA in 2005 had illegally distributed vending machines with the Red Bull logo and that Red Bull, instead of suing CCA, made a deal to share in the profits from those improper machine placements. It attributes to Coleman the statement that Red Bull ratified CCA's actions. There would be several problems with this argument, even if it properly were before the Court.

As an initial matter, what plaintiff says that Coleman admitted was that Red Bull ratified CCA's placement of machines with the Red Bull logo. But that is not plaintiff's grievance here. Plaintiff's claim is that CCA purported to give plaintiff exclusive rights to Red Bull in Manhattan and nevertheless sold to others here. There is no suggestion that Coleman acknowledged awareness that CCA had done so and ratified or otherwise took responsibility for any breach of contract or fraud that CCA's actions may have entailed.

Moreover, plaintiff's argument overlooks the meaning and nature of ratification. "Ratification is the affirmance by a person of a prior act which did not bind him *but which was done or professedly done on his account,* whereby the act, as to some or all persons, is given effect as if originally authorized by him." RESTATEMENT (SECOND) OF AGENCY § 82 (1958) (emphasis added). There is nothing in the amended complaint or in the alleged newly discovered evidence that would permit a conclusion that CCA's action in purporting to give plaintiff an exclusive contract with respect to Manhattan and then acting inconsistently with that promise was done or professedly done on Red Bull's account. Indeed, as the order made clear, plaintiff's theory was only one of apparent authority, and as the amended complaint made plain, the communication with "Lawrence" that was the sole basis for the claim of apparent authority allegedly took place

4

almost a year after plaintiff signed its contract with CCA. It therefore is insufficient as a matter of law to support a claim that CCA had apparent authority to mislead or breach its contract with plaintiff on behalf of Red Bull.

      4.      Finally, the Court understands that plaintiff, instead of making the motion now before it, might have moved to vacate the judgment and for leave to amend the complaint again, this time to assert, on the basis of the alleged Coleman conversation, that Red Bull ratified the actions of CCA and therefore is liable for breach of contract, fraud, or both, by CCA. But the Court declines to grant relief on a ground or for a purpose for which plaintiff has not even sought it.

"[O]nce judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir.1991) (internal quotation marks omitted). Here, plaintiff amended once prior to the entry of judgment against it. It is represented by counsel. It knew of the alleged Coleman conversation for at least two months during which it allowed the Court to invest time and resources in deciding Red Bull's motion to dismiss, knowing full well that the result of that decision might be dismissal of its case. And it has not, even now, come forward with a proposed amended complaint that would enable the Court to determine whether amendment would be futile. In consequence, it has no substantial claim on a favorable exercise of the Court's discretion. The Court therefore will not assume that plaintiff seeks leave to amend and, even were it to do so, it would deny leave for these reasons.

The foregoing considerations are reinforced by plaintiff's account of the alleged Coleman conversation. According to plaintiff, Mr. Coleman, a local distribution manager for Red Bull, "told [CCA] that instead of Red Bull ceasing to do business with [CCA], *Red Bull ratified [its] actions* . . ." Tanurishvili Aff. ¶ 9 (emphasis added). While it is theoretically possible that Mr. Coleman made that statement, it is not very likely. Local distribution managers do not frequently speak in such terms. Far more likely is that the quoted language, at best, is a gloss placed upon the conversation, assuming that such a conversation in fact took place.

In circumstances such as these, it is entirely appropriate for the Court to conclude that the recently advanced account of an unlikely alleged admission by Mr. Coleman "suggest[s] that [any] request for leave to amend [based upon it would] reflect[] an evolutionary development in plaintiff['s] case that falls under the heading of bad faith." *Lee v. Regal Cruises, Ltd.,* 916 F. Supp. 300, 304 (S.D.N.Y. 1996), *aff'd* 116 F.3d 465, 1997 WL 311780, at *2 (2d Cir. 1997) (table). This buttresses the other considerations referred to above, which are independently sufficient to justify the Court in denying relief from the judgment and leave to amend, assuming for the sake of argument that plaintiff had sought such relief, which it has not. Moreover, leave to amend to assert a claim of ratification would be futile for the reasons set out above.

5

*   *   *

For the foregoing reasons, the motion for reconsideration [DI 30] is denied.

SO ORDERED.

Dated:      March 28, 2008

_____<br>
Lewis A. Kaplan<br>
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)